THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER GUARDINO, Appellant.—

In our opinion, (1) the verdict of guilty is supported amply by the evidence, which is sufficient to establish beyond a reasonable doubt the defendant's guilt; and (2) there was no error in the charge of the trial judge in relation to Penal Law section 2460, subdivision 9, and Code of Criminal Procedure, section 399, in effect, that the two prostitutes were not accomplices of the defendant in the crime of compulsory prostitution, that one prostitute might corroborate the other, that the testimony of the accomplice Mangione might corroborate the testimony of the prostitutes, and that their testimony might corroborate that of the accomplice. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ. [177 Misc. Rep. 402.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MURIEL O'SULLIVAN, Appellant.—

No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

BEATRICE TEITELBAUM, an Infant, by RHEA TEITELBAUM, Her Guardian ad Litem, et al., Respondents, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.—

In our opinion the complaint in the prior action and the second and fourth causes of action in the amended complaint in the instant action allege the same cause of action and, therefore, the judgment in the prior action is res judicata as to the second and fourth causes of action pleaded in the amended complaint in the instant action. While it is true that in the instant action plaintiffs seek to recover the proceeds of the policy upon a theory or ground entirely different from that advanced in the former action, the controlling fact is that in both actions plaintiffs sought the same relief for the same legal wrong, to wit: defendant's breach of its obligation to pay the proceeds of the policy. (De Coss v. Turner & Blanchard, Inc., 267 N. Y. 207; Baltimore S. S. Co. v. Phillips, 274 U. S. 316.) Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.