THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY PASQUARELLO, Appellant.

Fourth Department, July 8, 1953.

*Frank G. Raichle, James V. Campana* and *Arnold Weiss* for appellant.

*John F. Dwyer, District Attorney (George R. Blair* and *Leonard Finkelstein* of counsel), for respondent.

*Per Curiam.* The defendant has been convicted of five counts in an indictment charging sales of a narcotic drug known as heroin, in violation of section 1751 of the Penal Law, and of one count charging possession of the said drug, in violation of section 1751-a of the Penal Law.

Upon the trial the People introduced testimony of the alleged buyers of the drug in support of the counts of the indictment charging sales. The trial court did not in its charge to the jury treat such witnesses as accomplices and there was, no instruction having to do with corroboration of the testimony of an accomplice as provided for by section 399 of the Code of Criminal Procedure, nor was there any request for such a charge.

Counsel now representing the defendant upon this appeal urges that notwithstanding the lack of such request to charge, the court's omission to deal with the subject of accomplices and to instruct the jury, pursuant to section 399 of the Code of Criminal Procedure is reversible error.

Section 2 of the Penal Law defines a principal as follows: " Principal. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands,

induces or procures another to commit a crime, is a ' principal ' ''. The Penal Law does not define an accomplice. The cases, however, uniformly hold that: '' The accomplices contemplated by section 399 of the Code of Criminal Procedure are those individuals concerned in the commission of the crime as ' *particeps criminis* ' for which they can be indicted with the accused as principals. (*People* v. *Warder,* 231 App. Div. 215; *People* v. *Sweeney,* 213 N. Y. 37; *People* v. *Cohen,* 223 id. 406, 425; *People* v. *Clougher,* 246 id. 106; *People* v. *Richardson,* 222 id. 103, 114.) '' (*People* v. *Guardino,* 177 Misc. 402, 405, affd. 265 App. Div. 872, affd. 290 N. Y. 749. See, also, *People* v. *Jackerson,* 247 N. Y. 36, 42, and *People* v. *Kupperschmidt,* 237 N. Y. 463, 465.)

Section 1751 of the Penal Law for violation of which defendant was convicted reads in part: '' Any person who shall peddle, sell, barter or exchange any narcotic drug, * * * shall be guilty of a felony ''.

The statute specifies only that the seller shall be guilty of a felony — not the buyer. It would appear that the design of the statute is to prevent the use of narcotics by charging the seller with the felony rather than the victim.

We reach the conclusion that under the circumstances here the buyer may not be indicted as a principal for the offense for which the defendant was indicted and, therefore, is not an accomplice. (See *People* v. *Smith,* 28 Hun 626, affd. on opinion of General Term, 92 N. Y. 665; *People* v. *Hilfman,* 61 App. Div. 541; *People* v. *Wright,* 100 Misc. 205, affd. 185 App. Div. 902; *Jefferson* v. *State,* 34 Okla. Cr. 56; *People* v. *Kinsley,* 118 Cal. App. 593, and *People* v. *Mimms,* 110 Cal. App. 2d 310.)

We are further of the opinion that the evidence is amply sufficient to identify the subject of the sale as a drug containing heroin. We are likewise of the opinion that the evidence is ample to sustain the conviction upon the count charging possession.

The judgment of conviction should therefore be affirmed.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Judgment of conviction affirmed.