## Commonwealth *v.* Simione, Appellant.

Argued September 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*S. R. Zimmerman, III,* with him *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellant.

*George T. Brubaker,* Assistant District Attorney, with him *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 18, 1970:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent.

Appellant, Frank Simione, appeals from denial of his motions in arrest of judgment and for a new trial. On May 29, 1970, in the Court of Common Pleas of Lancaster County, he was convicted by a jury of selling one gram of hashish in violation of The Pennsylvania Drug, Device and Cosmetic Act, Act of 1961, P. L. 1664, 35 P.S. 780-20. He was sentenced to a term of two to five years imprisonment. This appeal followed.

At trial the Commonwealth presented evidence to the effect that one Paul Guy had persuaded appellant to arrange the sale of a quantity of hashish through a third party, James Heisey. Guy testified that the alleged transaction took place in the kitchen of his apartment and that he, appellant, and Heisey were all present. Guy stated that he gave a twenty dollar bill to the appellant who then handed the money to Heisey. Heisey accepted the money and gave the gram of hashish and five dollars in change to appellant who in turn gave the hashish and change to Guy. Guy readily admitted that he had sought out appellant for the sole purpose of making such a purchase and that he was in fact employed as an undercover narcotics agent of the Pennsylvania State Police. The defense witnesses, all friends and acquaintances of these above parties, stated that neither appellant nor Guy or Heisey were in the apartment on that date and that in fact Guy had gone to Gary, Indiana, over that Thanksgiving weekend. These witnesses also testified that Guy had threatened appellant's life, that at the time of the trial Guy had committed himself to the psychiatric ward of the local

82

hospital, that he had been granted immunity by the District Attorney for his role in the alleged "sale" and that he had stated at a preliminary hearing that he was in Indiana on the date the "sale" took place.

There is only one issue that I consider meritorious.[1] It is my view that the trial court erred in not submitting the entrapment issue to the jury.

The entrapment defense is applied almost exclusively in "victimless" crimes such as narcotics traffic, prostitution and homosexual acts, where law enforcement officals have great difficulty in proving that a crime was committed unless they become a party to it, as was done in the instant case. Although these methods are often a necessary element of effective law enforcement, such police involvement can lead to a situation where overzealous officers can actually *create* crime.

In *Commonwealth v. Conway*, 196 Pa. Superior Ct. 97, 173 A. 2d 776 (1961), this Court was concerned with an analogous situation. In that case a police undercover agent approached a cab driver and asked the driver to place a wager for him. After some initial hesitation, the driver finally agreed. On several subsequent occasions he placed additional wagers for the agent without further persuasion. The question which we then decided was whether in that factual situation the entrapment defense should have been withdrawn from the jury. In reaching the conclusion that it should *not* have been withdrawn, the Court articulated the standard to be applied prospectively in determining whether the issue was properly submitted. In his able opinion for the Court, the late Judge FLOOD stated:

---

[1] I find no merit to appellant's other contentions and although I am not convinced that the factual situation in this case actually involved appellant in a "sale" as prohibited by the statute, I do not reach that issue.

"The defence of entrapment in Pennsylvania, as derived from our cases in the light of the other authorities just mentioned, arises only when a law enforcement officer, by employing methods of persuasion or inducement which create a substantial risk that persons not otherwise ready to commit the criminal act will do so, actually induces such a person to commit the act.

"This rule requires, before the defence becomes available, (1) a defendant not disposed to commit the crime, and also (2) police conduct likely to entrap the innocently disposed. Unless both elements are present, the defence need not be submitted to the jury." at pp. 103-104.

In *Conway* there was no evidence of the defendant's disposition to commit the crime except the rumor that cab drivers were accepting wagers in that neighborhood. There was testimony that the agent had employed deception as well as persuasion in his successful attempt to convince the defendant to commit the crime. On those facts the Court concluded that the entrapment issue should have been submitted to the jury.

The facts in the instant case are equally compelling and it is my view that the issue should have been submitted. Appellant was not "known" as a seller of drugs. No testimony was submitted by the Commonwealth which indicated that he had ever been convicted, arrested or even questioned for any drug-related offense. There is also no indication that appellant, who admitted that he had used drugs while serving in the armed forces in Vietnam, was currently involved in drug activity or in any way "disposed to commit the crime" before being approached by the undercover agent.

The second aspect of the rule requires that the conduct of the police be such that it is likely "to entrap

the innocently disposed." In the instant case, Guy spent many months cultivating the friendship and trust of this group of young people. Having established this trust, he then approached appellant and persuaded him to arrange the sale.

In withholding the issue of entrapment from the jury, the court below rules that the factual situation could not constitute entrapment as a matter of law. In my view, under the standards enunciated in the *Conway* decision, the evidence clearly raised questions of fact, and it was error not to submit the issue to the jury.

I would reverse the judgment of sentence of the court below and grant a new trial.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.