Commonwealth *v.* Simione, Appellant.

474

Submitted November 15, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

reargument refused June 26, 1972.

*Arthur K. Dils,* for appellant.

*George T. Brubaker,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 20, 1972:

Appellant Frank P. Simione was convicted, after trial by jury in the Lancaster County Common Pleas Court, for violation of Section 4(q) of The Drug, De-

vice and Cosmetic Act.[1] He was sentenced to two to five years imprisonment. The Superior Court affirmed the judgment of sentence by a per curiam order, with Judges HOFFMAN and CERCONE joining Judge SPAULD-ING's dissenting opinion. *Commonwealth v. Simione,* 218 Pa. Superior Ct. 80, 274 A. 2d 541 (1970). Subsequently this Court granted allocatur. We agree with appellant that the Commonwealth's evidence was insufficient as a matter of law to establish that he "sold" a narcotic drug. Accordingly we reverse the judgment of sentence.[2]

The facts of this case are well-summarized in the dissenting opinion in the Superior Court. "At the trial the Commonwealth presented evidence to the effect that one Paul Guy had persuaded appellant to arrange the sale of a quantity of hashish through a third party, James Heisey. Guy testified that the alleged transaction took place in the kitchen of his apartment and that he, appellant, and Heisey were all present. Guy stated that he gave a twenty-dollar bill to the appellant who then handed the money to Heisey. Heisey accepted the money and gave the gram of hashish and five dollars in change to appellant who in turn gave the hashish and change to Guy. Guy readily admitted that he had sought out appellant for the sole purpose of making such a purchase and that he was in fact employed as an undercover agent of the Pennsylvania State Police."[3]

---

[1] Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q).

[2] Because we sustain appellant's claim that the evidence was insufficient to support his conviction we need not reach his additional claims that the trial court erred in refusing to charge the jury on entrapment and that the trial court erroneously restricted his attempts to impeach the Commonwealth's principal witness.

[3] *Commonwealth v. Simione,* 218 Pa. Superior Ct. 80, 81, 274 A. 2d 541 (1970).

The indictment returned by the grand jury accused appellant in language nearly identical to that of Section 4(q) of The Drug, Device and Cosmetic Act.[4] The indictment alleged that appellant "did possess, control, deal in, dispense, sell, deliver, distribute or traffic in a narcotic drug: to wit: Hashish."

However, appellant moved for and obtained a bill of particulars.[5] This bill, as is conceded by the Commonwealth, specifically set forth that appellant "was charged with the *sale* of hashish. The case was presented and argued to the jury on the basis that Simione was either guilty of a *sale* or nothing, and the Court's charge left no room for doubt concerning the nature of the offense charged."[6]

The Commonwealth's description of the bill of particulars and the judge's charge is thoroughly substantiated by the record in this case. The bill of particulars, after setting forth that defendant was charged with a violation of Section 4(q) of The Drug, Device and Cosmetic Act, and quoting the words of that section, went on to specify: "The facts upon which this prosecution are [sic] based are that Frank Peter Simione *sold* one gram of hashish, a compound or derivative of marihuana, a narcotic drug, to Paul L. Guy. The offense occurred on November 25, 1968 at 324 Front Street, Marietta, Lancaster County, Pennsylvania. The parties involved in the crime were Frank Peter Simione, who *sold* the hashish to Paul L. Guy, and James Martin Heisey, who participated in the *sale*." (Emphasis added.) Furthermore, the trial judge in his charge to

---

[4] Section 4(q) of The Drug, Device and Cosmetic Act prohibits the "possession, control, dealing in, dispensing, selling, delivery, distribution, prescription, trafficking in, or giving of, any dangerous or narcotic drug." Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q).

[5] See Pa. R. Crim. P. 221.

[6] Brief for Commonwealth at 1.

the jury framed the issue to be decided as follows: *"The issue here couldn't be any more narrow. The question is, did this Defendant sell hashish to Paul Layton Guy. It is just as simple as that.* It has taken us a long time to get to the point where we are now, and we are almost finished, to the point where your deliberation is. *But everything that has gone on here is comparatively unimportant except the question, did this Defendant sell hashish to the young man named Guy,* and you folks are the ones that are going to have to decide that question of fact."* (Emphasis added.)

The function of a bill of particulars is to enable the accused to prepare for trial and to prevent surprise.[7] Thus it has long been the law in Pennsylvania that the Commonwealth is restricted to proving what it has set forth in the bill.[8] Since the bill alleged only that appellant had committed a "sale", the Commonwealth, absent an amendment to the bill expressly allowed by the trial court, was limited to proving that appellant was guilty of a "sale". The prosecution could not and in fact did not attempt to convict appellant by establishing that he had engaged in "possession, . . . dealing in, dispensing, . . . delivery, distribution, . . . [or] trafficking in . . . any dangerous or nar-

---

[7] *Williams v. Commonwealth,* 91 Pa. 493, 502 (1880) ; see *United States v. Murray,* 297 F. 2d 812, 819 (2d Cir.), cert. denied, 369 U.S. 828, 82 S. Ct. 845 (1962) ; IV Wharton's Criminal Law and Procedure §1865 (Anderson ed. 1957).

[8] *Williams v. Commonwealth,* 91 Pa. 493, 502 (1880) ; *Commonwealth v. Hershman,* 171 Pa. Superior Ct. 134, 139, 90 A. 2d 314, 317, aff'd 374 Pa. 311, 97 A. 2d 777 (1952) ; see *United States v. Haskins,* 345 F. 2d 111, 114 (6th Cir. 1965) ; *United States v. Murray,* 297 F. 2d 812, 819 (2d Cir.), cert. denied, 369 U.S. 828, 82 S. Ct. 845 (1962) ; *United States v. Neff,* 212 F. 2d 297, 309 (3rd Cir. 1954) ; I Henry, Criminal Procedure in Pennsylvania §362 (3rd ed. 1937) ; IV Wharton's Criminal Law and Procedure, §1871 (Anderson ed. 1957).

cotic drug."[9] Thus by reviewing all of the evidence, and viewing the evidence in the light most favorable to the Commonwealth,[10] we must determine whether the evidence was sufficient to establish that appellant "sold" a prohibited drug.

In *Commonwealth v. Harvard*, 356 Mass. 452, 253 N.E. 2d 346 (1969), the Supreme Court of Massachusetts was recently faced with a case whose facts were virtually identical with those of the case before us. In *Harvard* an undercover agent named Martin had persuaded the defendant to obtain some marihuana for him. The defendant introduced the agent to a third individual named Zacharo. The transfer of marihuana took place with the defendant standing between the agent's car and Zacharo's car. "[D]efendant persuaded Zacharo to sell marihuana to Martin. Zacharo thereupon handed a plastic bag of marihuana to the defendant who passed it to Martin in Martin's car. Martin then gave $15 to the defendant who passed it to Zacharo. There was no evidence that the defendant received any of the proceeds of the sale." Id. at 454, 253 N.E. 2d at 347.

On these facts the Massachusetts Supreme Court concluded that the evidence was insufficient to warrant a conviction on an indictment charging a "sale" of marihuana. That court reasoned: "The record shows that the defendant facilitated an illegal sale by introducing a willing buyer and seller and by aiding in the physical transfer of drug and money. There is nothing to show that the defendant had any financial interest in the transaction, or was employed by the seller to promote sales." Id. at 456, 253 N.E. 2d at 348.

---

[9] Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q).

[10] See *Commonwealth v. Young*, 446 Pa. 122, 285 A. 2d 499 (1972); *Johnson Appeal*, 445 Pa. 270, 284 A. 2d 780 (1971).

Under similar facts many other jurisdictions have held the prosecution's evidence insufficient to establish a "sale". For example, in *People v. Branch*, 13 A.D. 2d 714, 213 N.Y.S. 2d 535 (1961), the court held: "There was nothing in the evidence to show that the defendant had entered into a conspiracy with the vendor of the narcotics to engage in the selling of narcotics or that the defendant had acted in the transaction in any way as the agent of the vendor or on her behalf or that he was associated in any way with the enterprise of the vendor or that he had any personal or financial interest in bringing trade to her. The motion to dismiss the indictment should therefore have been granted. *One who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics.* People v. Buster, 286 App. Div. 1141, 145 N.Y.S. 2d 437; People v. Pasquarello, 282 App. Div. 405, 123 N.Y.S. 2d 98, affirmed 306 N.Y. 759, 118 N.E. 2d 361. . . ." (Emphasis supplied.) To the same effect see *Jones v. State,* 481 P. 2d 169 (Okla. Ct. Crim. App. 1971); *Durham v. State,* 162 Tex. Cr. R. 25, 280 S.W. 2d 737 (1955); *Smith v. State,* 396 S.W. 2d 876 (Tex. Ct. Crim. App. 1965); *United States v. Moses,* 220 F. 2d 166 (3rd Cir. 1955); *United States v. Sawyer,* 210 F. 2d 169 (3rd Cir. 1954); *Jackson v. United States,* 311 F. 2d 686 (5th Cir. 19  ); *Henderson v. United States,* 261 F. 2d 909 (5th Cir. 1959); *Cofield v. United States,* 263 F. 2d 686 (9th Cir. 1959); *Lewis v. United States,* 337 F. 2d 541 (D.C. Cir. 1964), cert. denied, 381 U.S. 920, 85 S. Ct. 1542 (1965).

We agree with those jurisdictions which have held that one who acts solely as the agent of the buyer cannot be convicted of a "sale" of an unlawful drug. Though Pennsylvania's Drug, Device and Cosmetic Act sets forth no definition of the term "sale", it should be noted that our Legislature has singled out the "sale"

of narcotic drugs as deserving of especially severe punishment. The minimum penalty for the "sale" of drugs is five years imprisonment[11] as compared to a minimum penalty of two years imprisonment for the "possession" of narcotic drugs.[12] Webster's New International Dictionary of the English Language (2d ed. 1954) defines "sale" as "a contract whereby the . . . ownership of property is transferred from one person to another for a price, or sum of money, or loosely, for any consideration. . . ."[13] This Court is obligated to construe words employed in the laws of this Commonwealth "according to their common and approved usage."[14] Where as here there is no evidence that the defendant received any of the proceeds of the sale or was employed by the seller to promote sales, we do not believe it can be fairly said that defendant is guilty of a "sale", and we hold that as a matter of law defendant cannot be included in the category of "sellers" of narcotic drugs that the Legislature singled out for especially severe punishment.

Accordingly the judgment of sentence is reversed and the defendant is discharged.

---

[11] Act of September 26, 1961, P. L. 1664, §20(d), 35 P.S. §780-20(d).

[12] Act of September 26, 1961, P. L. 1664, §20(c), 35 P.S. §780-20(c). However, in the case of a conviction for violation of the provisions of The Drug Act "relating to the possession or sale of narcotics, the court shall have power to suspend the imposition or execution of sentence and grant probation or parole only if the violation was a first offense." Act of September 26, 1961, P. L. 1664, §20(e), 35 P.S. §20(e).

[13] Black's Law Dictionary (4th ed. 1951) defines "sale" in a fashion quite similar to Webster: "A contract between two parties called, respectively, the 'seller' (or vendor) and the 'buyer', (or purchaser), by which the former, in consideration of the payment or promise of payment of a certain price in money, transfers to the latter the title and the possession of property."

[14] Act of May 28, 1937, P. L. 1019, Art. III, §33, 46 P.S. §533.

Former Mr. Chief Justice BELL and former Mr. Justice BARBIERI took no part in the decision of this case.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

While I agree with that portion of the majority opinion which holds that appellant cannot be convicted as a seller, I cannot agree with the majority's decision to limit their review to "whether the evidence was sufficient to establish that appellant 'sold' a prohibited drug."

Appellant was indicted, tried and convicted by a jury for violation of Section 4(q) of The Drug, Device and Cosmetic Act, Act of September 26, 1961, P. L. 1664, §4(q), 35 P.S. §780-4(q). It should be noted that the language of the indictment returned by the grand jury was virtually identical to the language of the statute and alleged that appellant "did possess, deal in, dispense, sell, deliver, distribute or traffic in a narcotic drug; to wit: Hashish." Even if the appellant did not "sell" the hashish, his activity constituted some, if not all, of the other acts charged, and this fact distinguishes the cases cited by the majority where the accused was indicted solely as a seller. However, the majority opinion sees fit to solely discuss appellant's conviction as a seller due to a concession contained in the Commonwealth's brief and the bill of particulars.

Turning to the Commonwealth's "concession", we have held in the past that "concessions" made by the Commonwealth in its brief are not dispositive. *Com. v. Armao*, 446 Pa. 325, 330 n.6, 286 A. 2d 626, 628 n.6 (1972); *Demczuk Estate*, 444 Pa. 212, 216, 282 A. 2d 700, 705 (1971). Secondly, the Commonwealth's "concession" was, in reality, an answer to a contention advanced by the appellant only in the court below that the indictment violated Pa. R. Crim. P. 219. I do not believe that the Commonwealth's unnecessary answer

should limit our review. Thirdly, if the majority decide to attach significance to the Commonwealth's "concession", it should also be noted that appellant concedes the prosecution was not based solely on the sale of narcotics. The portion of appellant's brief addressing this issue prefaces the argument by noting, "[f]or purposes of the ensuing discussion, the writer's remarks will be limited to the selling charge exclusive of the other offenses charged to the appellant in the same indictment". Lastly, an examination of the bill of particulars and the trial judge's charge demonstrates that appellant was not prosecuted solely as a seller.

Appellant's application for a bill of particulars requested, "the specific offense or offenses of those for which he has been indicted which he will be required to defend. . . ." In answer thereto, the Commonwealth stated: "[t]he defendant is charged with violation of Section 4(q) of The Drug, Device and Cosmetic Act, 35 P.S. 780-1 through 780-31. Section 4(q), 35 P.S. 780-4(q) prohibits the following acts: The possession, control, dealing in, dispensing, selling, delivery, prescription, trafficking in, or giving of, any dangerous or narcotic drug. . . ." Similarly, the second paragraph of the trial judge's charge recites Section 4(q). It appears to me that the specific use of the words "sale" or "sold" in other portions of the bill of particulars and the charge was merely an abbreviation, and not a limitation, of the indictment.

Thus, I am of the opinion that this Court should also review the evidence to determine whether appellant "did possess, deal in, dispense". . . deliver, distribute or traffic in a narcotic drug; to wit: Hashish". Since appellant's sole defense was a complete denial of any participation, the verdict of guilty delivered by the jury indicates a total rejection of appellant's flat denial and a complete acceptance of the Commonwealth's

version, whatever appellant's participation may be termed.

I dissent.