372 A.2d 904

**COMMONWEALTH of Pennsylvania**

v.

**Herman Marshall CAMERON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided April 19, 1977.

436

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

James R. Leonard, Jr., Assistant District Attorney, D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant was indicted on three counts of delivery of heroin in violation of The Controlled Substance, Drug, Device and Cosmetic Act[1] and two counts of criminal conspiracy.[2] A jury found appellant guilty on all counts. Post-verdict motions were denied, and appellant was sentenced to pay a fine of $100.00 and to serve a two to five year term of imprisonment on the first delivery count, concurrent two to five year periods for each remaining delivery count, and concurrent two year probationary terms for each conspiracy count.

Appellant first challenges the sufficiency of the evidence to prove the crimes charged. "When testing the sufficiency of the evidence, we must review the testimony in the light most favorable to the verdict winner, *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973), and must accept as true all of the evidence, direct or circumstantial, and all reasonable inferences arising from the evidence, upon which the trier of facts could properly have based the verdict. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974)." *Commonwealth v. Carter*, 230 Pa.Super. 236, 238–9, 326 A.2d 480, 481–2 (1974). After reviewing the record, we find that the evidence was sufficient to establish appellant's guilt on all charges.

On March 6, 1975, Officers Richard Smith and Carlos Aquino of the Philadelphia Police Narcotics Unit were assigned, for thirty days, to the Lancaster City Police Department as undercover narcotics policemen. During this period, the two officers attempted to locate narcotic suppliers by posing as heroin addicts. Appellant became their middleman for the five transactions involved in this case.

While driving around Lancaster on March 7, 1975, Officer Smith and his associate became suspicious that appellant was selling drugs. They first observed appellant on Chester

---

1. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30) (35 P.S. § 780–113(a)(30) (Supp.1976–77)).

2. 18 Pa.C.S. § 903.

Street, leaning into a car and conversing with its occupants. The officers drove around the block and approached the appellant. During a short conversation, the officers explained that they had just arrived from Philadelphia and were in need of a supply of heroin. As a result of this conversation, the parties met at approximately 1:00 a. m. on March 8, and appellant led the officers to a house at 238 Howard Street where they purchased two packets of heroin from the occupants, Heriberto Cintron and Jose Rojas. The sale was consummated when Rojas passed the heroin packets to appellant who passed them to Officer Smith. Smith gave the money directly to Rojas.

The second incident occurred the same day, March 8, at 9:05 p. m., when appellant took the officers to the apartment of Felix Negron at 145 Chester Street. Negron was hesitant to sell because he did not know the buyers. During the conversation, Negron stated that appellant "was going to have all the police coming down here," because he was "always bringing [unknown] people around here." Appellant assured Negron that "[h]e's alright, I know him." The transaction was completed when Negron's associate Nelson Rojas, who was Jose's brother, and Officer Smith exchanged the money and drugs.

The third transaction took place on March 10. Appellant took Smith to 238 Howard Street where Smith purchased heroin directly from Jose Rojas. Although appellant was present he did not handle the drugs or the money.

On March 13, Smith again followed appellant to 238 Howard Street. This time a woman occupant, Rosa Soldana answered the door. While the two men remained outside, Miss Soldana went back into the house. In a few minutes she returned and handed three packets of heroin to appellant who gave them to Officer Smith. Appellant also transferred the money from Smith to Soldana.

The final purchase, on March 15, was from Felix Negron at 145 Chester Street. Remembering the problems encountered during the first purchase from Negron, appellant and Smith agreed that Smith should wait in the car. Using

Smith's money, appellant purchased two packets of heroin and delivered them to Smith.

Appellant first contends that the evidence was insufficient to prove the two counts of conspiracy to deliver heroin.[3] Conspiracy is an agreement between two or more parties to do an unlawful act. *Commonwealth v. Stephens*, 231 Pa.Super. 481, 331 A.2d 719 (1974). Appellant argues that the evidence was insufficient to prove an agreement. While the essence of the crime is a common understanding, the Commonwealth is not required to prove an explicit or formal agreement in order to establish the existence of a conspiracy. *Commonwealth v. Neff*, 407 Pa. 1, 179 A.2d 630 (1962).

"Although more than mere association must be shown, '[a] conspiracy may be inferentially established by showing the relation, conduct, or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed . . . '" (citations omitted) *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 652 (1973).

One of the circumstances which can inferentially establish a conspiratorial agreement is proof of prior dealings. *Commonwealth v. Stephens, supra.*

In the instant case, appellant personally assisted in each transaction. Moreover, it is clear that he functioned in a much greater capacity than that of a mere guide to potential drug suppliers. Without appellant's aid, Officer Smith had virtually no chance of consummating any of the transactions. In reaching its verdict, the jury was required to find an agreement sufficient to sustain both conspiracy counts. In regard to the March 8 transaction with Felix Negron and Nelson Rojas, the jury inferred either a single agreement to transfer the drugs once the negotiations were completed or a continuing agreement to procure purchasers based on

3. The conspiracy counts were based on the March 8, 9:05 p. m. and March 10 transactions in which appellant never possessed the heroin.

Negron's statements chastising appellant for continually bringing unknown purchasers to the apartment. As to the March 10 transfer, the jury inferred either a single agreement based on appellant's participation in the sale or an agreement with Jose Rojas based on the prior dealings of March 8. In any case, the inferences were proper and the evidence was, therefore, sufficient to convict appellant on both conspiracy counts.

Appellant also argues that the evidence failed to show a "delivery" as defined by The Controlled Substance, Drug, Device and Cosmetic Act. Appellant cites *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972), as support for his contention. *Simione* is inapposite, however, because, in that case, the defendant was charged with the sale of heroin. The court held that *"[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics."* (emphasis in original) *Commonwealth v. Simione, supra* 447 Pa. at 479, 291 A.2d at 767–68.

In the instant case, appellant is charged with delivery. Delivery is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance . . . whether or not there is an agency relationship."[4] Transfer is not defined in the Act; however, taking the commonly accepted meaning of the word, as we must, *Commonwealth v. Bristow,* 185 Pa.Super. 448, 138 A.2d 156 (1958); *Commonwealth v. De Wan,* 181 Pa.Super. 203, 124 A.2d 139 (1956); 1 Pa.C.S. § 1903(a), it means "[t]o convey or remove from one . . . person to another; pass or hand over from one to another. . . ." Black's Law Dictionary 1669 (Rev. 4th ed. 1968). The evidence was clearly sufficient to prove all three counts of delivery under the Act.

Appellant's third contention is that his entrapment defense[5] established a reasonable doubt, as a matter of law.

4. Act of April 14, 1972, P.L. 233, No. 64, § 2 (35 P.S. § 780–102(b)), *as amended.*

5. 18 Pa.C.S. § 313.

Conflicting testimony was presented on the subject of inducement, and, therefore the matter properly was left for the jury to resolve. *E. g., Commonwealth v. Berrigan*, 234 Pa.Super. 370, 343 A.2d 355 (1975); *compare Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Moreover, after instructing the jury on the elements of entrapment, the lower court properly placed the burden on the Commonwealth to prove guilt beyond a reasonable doubt. *Commonwealth v. Loccisano*, 243 Pa.Super. 522, 366 A.2d 276 (1976). This contention is, therefore, without merit.

After the Commonwealth presented its case, appellant's counsel demurred to the evidence. After the court denied the demurrer, counsel moved to strike the testimony of Harold A. Freed, criminalist for the Pennsylvania State Police, on the ground that the Commonwealth failed to include Mr. Freed in the list of witnesses presented in a Bill of Particulars.[6] Appellant's counsel, however, accepted Mr. Freed as an expert witness and permitted him to testify without objection. Appellant cannot now object. Irrespective of the merits of the argument, which are dubious at best, *Commonwealth v. Mervin*, 230 Pa.Super. 552, 326 A.2d 602 (1974), the matter was waived.

For his fifth assignment of error, appellant contends that the lower court improperly expressed its opinion as to the appellant's guilt and, in effect, directed the jury to render a verdict of guilty. In *Commonwealth v. Archambault*, 448 Pa. 90, 290 A.2d 72 (1972), cited by appellant, the trial judge stated the following in his charge to the jury: "I think it would be a miscarriage of justice to find this defendant not guilty." In the case at bar the judge never expressed any opinion as to appellant's guilt. He reviewed

---

6. Appellant's counsel apparently requested the names of the chemists who performed tests on the heroin. Although the docket entries indicate that a request for a Bill of Particulars was filed May 13, 1975, and that the Bill, itself, was filed May 15, 1975, these documents are not contained in the record certified to this court. Because of our disposition, there is no need to review the actual documents.

the testimony to clarify the various charges and fairly submitted the evidence to the jury for its consideration. *Commonwealth v. Gains,* 457 Pa. 594, 321 A.2d 913 (1974). Moreover, appellant's trial theory was based primarily on the defense of entrapment. Appellant testified in his own behalf and admitted his presence and participation substantially in accordance with the facts as presented by the Commonwealth. In this situation, it was entirely proper for the lower court to clarify the issues for the jury. *Commonwealth v. Walker,* 459 Pa. 12, 326 A.2d 311 (1974).

Finally, appellant claims that the lower court erred when it refused two requested points for charge. The first request was that "it is the Jury's determination to find whether or not the Defendant's action in passing along the substance constitutes delivery as defined by the Drug Act." The lower court acted properly in refusing an instruction which invited the jury to make its own legal interpretation of the applicable statute. *United States v. Lanni,* 466 F.2d 1102 (3rd Cir. 1972); *Commonwealth v. Massini,* 200 Pa.Super. 257, 188 A.2d 816 (1963). Appellant also requested the court to charge that "in order to prove conspiracy the Commonwealth must prove beyond a reasonable doubt that there was an agreement between the defendant and the sellers to sell heroin to the undercover agents." In its original charge the lower court instructed the jury on the crime of conspiracy and the concept of reasonable doubt. Reviewing the charge in its entirety, as we must, *Commonwealth v. Young,* 233 Pa.Super. 429, 335 A.2d 498 (1975), we find that it was adequate. Appellant's requested point was fully and properly covered. *Commonwealth v. Toney,* 439 Pa. 173, 266 A.2d 732 (1970).

The judgment of sentence is affirmed.

HOFFMAN and CERCONE, JJ., concur in the result.