**Commonwealth v. Evangelista**

*John F. Nelson, District Attorney*, for Commonwealth.

*Blake E. Martin, Public Defender's Office*, for defendant.

EPPINGER, *P.J.*, November 15, 1978—Louis Evangelista (defendant) was charged with conspiracy to deliver a controlled substance in a transaction where Jerry Ott sold some cocaine to a narcotics agent (Albrecht). The agent had approached and asked Evangelista about buying some "T." Evangelista stated that Ott might have some and told Albrecht to follow him to a place on "dope alley" near a high school. There they would try to find Ott, but when they got there, he could not be found. So Evangelista told the agent to come back later. When the agent returned, the seller was there— Jerry Ott was then a student at the high school and would be expected to arrive on "dope alley" in time to go to school.

At the request of Albrecht, Evangelista approached the seller's car and asked if he had any "T." The response was negative but Ott did have some "coke" and "pot." Defendant told the agent this and was instructed to find out if the agent could buy some "coke." The seller said all right, defendant returned to the agent's car and the two of them

approached the seller's car, where the agent gave the seller $10 and received the "coke." While the transaction was occurring, defendant was behind the agent, did no talking, received no money, did not touch the substance and after the agent completed the transaction, the parties separated.

When the Commonwealth's evidence was in, defendant demurred, the court reserved ruling and defendant rested. In making the demurrer, defendant's attorney contended that the Commonwealth had not shown a conspiracy between Ott and the defendant to sell a controlled substance. We agree. We will sustain the demurrer.

The essence of every criminal conspiracy is a common understanding, no matter how it comes into being: Com. v. Yobbagy, 410 Pa. 172, 177, 188 A. 2d 750, 752 (1963). Since an explicit or formal agreement to commit a crime can seldom, if ever, be proved, a conspiracy may be inferentially established by showing the relation, conduct or circumstances of the parties: Com. v. Horvath, 187 Pa. Superior Ct. 206, 211, 144 A. 2d 489, 492 (1958). However, this circumstantial evidence must meet the following standard:

"Evidence to sustain a charge of conspiracy must be 'such as reasonably and naturally justifies an inference of guilt of the accused and is of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt. [Citing cases]. A conviction will not be allowed to stand if it is based solely upon suspicions and conjectures. [Citing a case]'." Com. v. Yobbagy, supra, 410 Pa. at 176-77, 144 A. 2d at 752.

In Com. v. Cameron, 247 Pa. Superior Ct. 435, 372 A. 2d 904 (1977), Cameron was approached by

two narcotics agents seeking heroin. Cameron did the following: (1) Took the agents to house No. 1 where heroin was passed from the seller to Cameron to the agent, with the money passing directly from the agent to the seller; (2) Then took agents to house No. 2 where the occupant was reluctant to sell to the agents, complaining that Cameron was always bringing unknown buyers and the seller was worried about the police. Cameron vouched for the agents. Drugs and money were exchanged without either passing through the hands of Cameron; (3) Two days later Cameron returned with the agent to house No. 1 where the agent bought heroin directly from the occupant, again without drugs or money passing through Cameron's hands. There were two other transactions.

In transactions (2) and (3), Cameron was convicted of conspiracy to deliver heroin and on appeal the convictions were sustained, the court stating that the jury properly inferred an agreement between Cameron and the supplier in both cases. In transaction (2) it was because it was apparent that Cameron was regularly bringing buyers to the seller indicating a continuing agreement between Cameron and the seller. An agreement could also be inferred in transaction (3) based on Cameron's participating in this sale and in transaction (1) which involved the same seller, for which he was convicted of delivery of a controlled substance.

Cameron's personal assistance in each transaction was important, and as the court pointed out, he was more than a mere guide to the potential suppliers, for without his help the agents had virtually no chance of completing any transactions.

In our case, it was pretty well known that Ott was a seller who conducted his business on "dope alley." So undoubtedly there were many who could

have given the agent the information he received from the defendant. Under the circumstances presented in this case, the extent of defendant's participation was to bring together a willing seller and a willing buyer, he had nothing to do with the terms of the sale or the sale itself. Evangelista had no agreement with Ott that Ott would sell to the agent and unlike the Cameron case, there was no evidence of prior relationships between Evangelista and Ott.

Our case also differs from Com. v. Minnich, 236 Pa. Superior Ct. 285, 344 A. 2d 525 (1975), where Minnich approached the agents asking them if they wanted to buy some LSD and then arranged for the sale and, before the sale was actually made, informed the agents of the price. The inference of a conspiracy with the seller is obvious.

If we are to find a conspiracy between Evangelista and Ott, we ought to find some personal or financial interest in bringing trade to Ott: Com. v. Simione, 447 Pa. 473, 291 A. 2d 764 (1972); or evidence of prolonged cooperation between the two parties: Com. v. Stephens, 231 Pa. Superior Ct. 481, 488-89, 331 A. 2d 719, 722 (1974); Direct Sales Co. v. U.S., 319 U.S. 703 (1943).

Stephens owned a store and in exchange for room and board, a friend worked in the store without pay. A narcotics agent entered the store, went directly to the friend and made a purchase of marijuana from a supply which the friend kept in another room. Though Stephens was two feet away from the friend during the transaction, he did not react or respond to the conversation regarding the sale. Stephens' convictions for possession and conspiracy to sell marijuana were reversed because even though it could be inferred Stephens overheard the conversation and realized that

marijuana was being sold, it was not reasonable to infer that he had made a prior agreement to sell.

The mere happening of a crime in which several people participate does not of itself establish a conspiracy among those people. There must be evidence of an agreement and even apparently concerted action does not prove an agreement or common understanding: Com. v. Holman, 237 Pa. Superior Ct. 291, 296-97, 352 A. 2d 159, 161-62 (1975). The fact that a person is present at the scene of a crime when it is committed, by itself, is insufficient to convict that person of conspiracy to commit the crime: Com. v. Goodyear, 235 Pa. Superior Ct. 544, 549, 344 A. 2d 672 (1975).

If there was any agreement in this case, it was the agreement between Evangelista and Albrecht that Evangelista would try to direct the agent to a place or person where he could get what he asked for. There was no showing of any agreement between Evangelista and Ott to sell the controlled substance, only a statement by Ott to Evangelista that he would sell to Albrecht which Evangelista transmitted.

### ORDER

Now, November 15, 1978, defendant's demurrer is sustained, the case is dismissed and the costs are placed on the County of Franklin.