## Commonwealth v. Caswell

*David Tomaine, Assistant District Attorney*, for Commonwealth.
*John Mercuri,* for defendant.

KOSIK, *P.J.*, September 16, 1980—This matter is before the court on defendant's motion to quash the indictment and motion and rule to show cause why the Commonwealth should not be ordered to supply a bill of particulars.

On July 15, 1980, defendant, Janet Caswell, was indicted by the Grand Jury for violations of 18 Pa.C.S.A. §3701 and 18 Pa.C.S.A. §306, accomplice to robbery, and for violations of 18 Pa.C.S.A. §§6105, 6106 of the Pennsylvania Uniform Firearms Act. Defendant filed a request for a bill of particulars as to the accomplice charge pursuant to Pa.R.Crim.P. 304. The accomplice charge contained in the first count was described in the disjunctive as follows:

That on or about August 11, 1979 in said county, Janet Caswell as an accomplice of William Caswell and Jose Ruiz, and for whose conduct as an accomplice she was legally responsible, unlawfully did aid or agree or attempt to aid the said William Caswell and Jose Ruiz in the planning or commission of the crime of robbery.

The Commonwealth's response to defendant's request for the bill of particulars stated that the Commonwealth's theory of prosecution would become apparent at the time of trial. Thereupon, the defendant filed a motion and rule to show cause why the Commonwealth should not be ordered to supply a bill of particulars and an omnibus pre-trial motion to quash the indictment.

## DISCUSSION AND CONCLUSIONS

Case law indicates that an indictment by the Grand Jury charging a statutory offense may be substantially in the language of the statute prohibiting the crime: Com. v. Lee, 454 Pa. 526, 312 A. 2d 391 (1973). Defendant may request a bill of particulars from the Commonwealth in order to clarify the pleadings and to limit the evidence which the Commonwealth can offer to support the indictment: Com. v. Simione, 447 Pa. 473, 291 A. 2d 764 (1972).

In the present case, defendant requested and obtained a bill of particulars. This court agrees with defendant that the bill of particulars filed by the Commonwealth was inadequate in that it failed to apprise defendant of the charges against her in order that she could adequately prepare for trial. Simione, supra. However, this court does not believe that a bill of particulars would be the appropriate relief in this case. Here, the indictment itself was defective in that it was stated in the disjunctive.

It is generally held that where a statute provides that an offense may be committed in several ways in the alternative, the indictment should use the

conjunctive term "and" to enumerate the means rather than the disjunctive term "or." Guilt under such an indictment may then be established by proof of any one of the means. The rationale for such a rule is that an indictment in the disjunctive does not provide sufficient certainty: U.S. v. Malinowski, 347 F. Supp. 347, E.D. Pa., 1972, aff'd 472 F. 2d 850 (1973).

While there is a paucity of Pennsylvania cases clearly adopting this rule, it certainly comports with the increasing necessity that a defendant be indulgently informed of the charges lodged against him.

The rule is not inconsistent with Pa.R.Crim.P. 220 which holds that the court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or property, or the date charged provided the indictment as amended does not charge an additional or different offense. Pleading an indictment in the disjunctive does not fall under any of these categories where amendments are allowed. Nor do we believe that it is the function of a bill of particulars to cure such a substantive defect.

For the reasons stated, we find that quashing the indictment is the appropriate form of relief. This conclusion renders the request for a bill of particulars moot.

ORDER

Now, September 16, 1980, it is hereby ordered, that defendant's omnibus motion to quash the first count is granted.