548 A.2d 617

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Carl GRUBER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 13, 1988.

Filed Oct. 4, 1988.

John A. Bacharach, Pittsburgh, for appellant.

Robert L. Eberhart, Deputy District Attorney, Pittsburgh, for Com.

Before ROWLEY, DEL SOLE * and MONTGOMERY, JJ.

PER CURIAM:

This direct appeal follows the non-jury trial at which the appellant was found guilty of driving under the influence and various drug related offenses. The appellant's timely filed post-verdict motions were denied by the trial court and he was sentenced to forty-eight hours incarceration, two consecutive periods of probation of five years, a concurrent term of two years probation, fined, and instructed to attend Alcohol Safe Driving School. The sole issue raised herein is whether the trial court erred in imposing consecutive five year terms of probation for possession with intent to deliver marihuana and possession with intent to deliver hashish. The appellant argues those charges merge for sentencing purposes. For the reasons which follow, we are constrained to agree.

The crux of the appellant's argument is that marihuana and hashish are both derived from the hemp plant and that hashish falls within the definition of marihuana as set forth in the Controlled Substance, Drug, Device and Cosmetic Act (hereinafter the Act). *See,* 35 P.S. § 780–102(b). He concludes, therefore, that he has been sentenced twice for the same offense—possessing, with the intent to deliver, marihuana. In rejecting the appellant's argument, the trial court acknowledged that both marihuana and hashish were derivatives of the hemp plant but concluded that the substances were nevertheless not identical. The trial court reasoned that hashish is a purified extract of the hemp plant which is considerably more potent and concentrated than marihuana. The trial court relied on this Court's *en banc* decision in *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985) to support its conclusion that the offenses did not merge. After an exhaustive review of

* Judge Del Sole did not participate in the decision of this case.

the common law doctrine of merger, the *Williams* Court held that "separate punishments may be imposed for a single, indivisible act where the act includes conduct proscribed by separate statutes each of which seek to prevent a substantially different harm or evil." *Id.*, 344 Pa.Superior Ct. at 143, 496 A.2d at 50.

Instantly, the appellant was charged in separate counts with two violations of 35 P.S. § 780–113(a)(30). Thus, to be guilty of the offenses, the appellant was required to possess with the intent to deliver, controlled substances. Marihuana is identified as a Schedule I Controlled Substance. 35 P.S. § 780–104(1)(iv). Hashish is not named individually or listed in any of the various Schedules of controlled substances. The act defines marihuana as:

consist[ing] of all forms, species and/or varieties of the genus Cannabis sativa L., whether growing or not; the seeds thereof; *the resin extracted from any part of such plant;* and every compound, manufacture, salt derivative, mixture, or preparation of such plant, its seeds or *resin;* but shall not include tetrahydrocannabinols, the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, cake, or the sterilized seed of such plant which is incapable of germination.

35 P.S. § 780–102(b). (Emphasis supplied).

Despite the fact that hashish is not specifically defined by the Act, the appellant asserts that there is no dispute that it is a form of marihuana, as the latter is defined by the Act. Research reveals that this precise question has not yet been addressed by the appellate Courts of this Commonwealth and neither party is able to cite authority for their respective position. We note here that the appellant stipulated, during trial, to the admission of the Crime Lab report concerning the analysis of the substances found on him at the time of his arrest. The report identified four (4) foil wrapped cubes of compressed vegetable material revealing the presence of "mari[h]uana constituents ... in the form

of hashish." Although the Crime Lab report was read into the record by the prosecuting attorney, the contents of the record were not transcribed by the court reporter. Additionally, the report has not been included in the original record certified to this Court. As a result, we may not consider it despite the fact that the Commonwealth has appended a copy of it to their brief. *See,* Pa.R.A.P. 1921.

Although the issue raised herein is a novel question to the appellate Courts of the Commonwealth, we are guided by the following authorities. We begin our analysis by recalling that the Pennsylvania Supreme Court has recognized that hashish is derived from the marihuana plant. *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972). In *United States v. Cimoli,* 10 M.J. 516 (USAFCMR 1979), a military court of review concluded that hashish is a concentrated form of marihuana which, by weight, normally contains a higher percentage of the active ingredient tetrahydrocannabinol, than is present in processed marihuana.

More recently, in *Soutor v. State,* 342 N.W.2d 175 (Minn. App.1984), the Minnesota Court of Appeals addressed the very question raised herein by the appellant. There the Court held, *inter alia,* "that the resinous form of mari[h]uana, known as hashish, is included in the statutory definition of Minn.Stat. § 152.01, subd. 9...." *Id.* at 177. The Minnesota statute at issue read as follows: "Mari[h]uana means all parts of the plant of any species of the genus cannabis ... the resin extracted from any part of such plant; and every compound, manufacturer, salt derivative, mixture, or preparation of such plant, its seeds or resin...." *Id.* *Compare, Romack v. State,* 446 N.E.2d 1346 (Ind.App. 4 Dist.,1983) (Indiana Code 35–48–1–1 defining marihuana specifically includes hashish and hash oil); *People v. Magoon,* 645 P.2d 286 (Colo.App., 1982) (the drugs hashish and marihuana are sufficiently distinguished by statute to establish their separateness as dangerous drugs inasmuch as the general assembly designated "cannabis" and "cannabis concentrate" as separate substances, defining hashish as a synonym of cannabis concentrate and excluded the term hashish from the definition of cannabis

or marihuana). Lastly, Bernheim writes: "A far more potent cannabis preparation is obtained by scraping the resin containing [tetrahydrocannabinol] from the leaves of the cultivated plants and pressing this sticky substance into blocks. It is known as hashish...." David Bernheim, Defense of Narcotics Cases, § 7.19[1] (1972 & Supp 1988).

As previously discussed, hashish is not specifically included on any of the schedules of controlled substances of the Act. Also, hashish is not separately defined by the Act. As a result, we are constrained to agree with the appellant that hashish falls within the statutory definition of marihuana. Thus, his conviction for possession of hashish with intent to deliver merged for sentencing purposes with his conviction for possession of marihuana with intent to deliver. As an appellate court we may amend the appellant's sentence directly. *Commonwealth v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982).

Accordingly, the judgment of sentence at CC 8612042A, Count 4, is vacated. In all other respects, the judgment of sentence is affirmed.

DEL SOLE, J., did not participate in the decision of this case.