586 A.2d 433

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jay JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 17, 1990.

Filed Feb. 11, 1991.

136

Michael J. Toms, Waynesboro, for appellant.

Gregory L. Lensbower, Asst. Dist. Atty., Chambersburg, for Com.

Before McEWEN, HUDOCK and MONTGOMERY, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence imposed upon Appellant after he was found guilty, at the conclusion of a jury trial, of unlawful delivery of a controlled substance. Timely filed post-verdict motions were denied by the trial court and Appellant was sentenced to a term of thirty-three to one-hundred-twenty months incarceration. This direct appeal followed. We affirm.

The facts leading to Appellant's conviction are as follows: On May 24, 1989, Appellant was arrested and charged with a violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(30).[1] Appellant subse-

1. 35 P.S. § 780–113(a)(30) provides as follows:

    (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or know-

quently waived his arraignment and entered a plea of not guilty to the charge. On August 14, 1989, pursuant to Pa.R.Crim.P. 304, Appellant requested a bill of particulars to which a response by the Commonwealth was filed on August 30, 1989. The first paragraph of Appellant's request asked the District Attorney of Franklin County to furnish "the specific acts, language, or behavior claimed to constitute the offense or offenses charged." The Commonwealth responded to this specific request by stating that "[Appellant] sold one-half (½) gram of cocaine to Trooper Dean Marshall of the Pennsylvania State Police."

On October 11, 1989, Appellant filed a motion in limine seeking to preclude the Commonwealth from introducing any evidence at trial that would tend to prove any acts beyond the sale alleged in the bill of particulars. More specifically, Appellant wished to preclude the introduction of any evidence tending to prove the delivery of the controlled substance. Following a pre-trial conference held in chambers on the same day, the trial court denied Appellant's motion. Appellant claims that the trial court erred in denying the motion and asserts this issue as the sole question raised on appeal.[2]

■ The function and purpose of a bill of particulars, as recently explained by this Court, is as follows:

A motion for a bill of particulars does not question the sufficiency of an indictment or information, but, rather assumes its validity. It does not become part of the indictment or information, and therefore can neither remedy a defective indictment or information, nor render an indictment or information good on its face demurrable. The function of a bill of particulars, rather, is to give

ingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

2. Although the use of a pleading entitled "Motion in Limine" has long been part of criminal practice in Pennsylvania, it is only recently that our Supreme Court, by per curiam order dated October 25, 1990, has approved the proposal of the Criminal Procedural Rules Committee to amend the comment to Rule 306 to acknowledge the motion's use in criminal proceedings.

notice to the accused of the offenses charged in order to permit him to prepare a defense, avoid surprise, and be placed on notice as to any restrictions upon the Commonwealth's proof.

Where the bill of particulars is broader than the actual evidence at trial, there is no error; conversely, however, where the bill of particulars specifically limits proof to be adduced at trial to specific acts, the Commonwealth is not permitted to obtain a conviction on the offense charged by proof of acts other than those specified in the bill. *Commonwealth v. March*, 380 Pa.Super. 64, 70–71, 551 A.2d 232, 235–36 (1988), *alloc. den'd* in 524 Pa. 595, 568 A.2d 1246 (1989) (Citations omitted).

Applying these standards to the present case, in order to obtain the conviction for unlawful delivery of a controlled substance, the Commonwealth would be restricted to proof of only the sale of cocaine to Trooper Marshall. This is precisely what the Commonwealth did at Appellant's trial. Appellant, however, interprets this restriction to mean that the Commonwealth could not produce evidence tending to prove that he delivered a controlled substance while attempting to prove that he committed the crime with which he was charged. Appellant cites *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972), to support this interpretation. We do not agree. As cogently stated by the learned trial judge, Appellant's contention "cannot prevail in logic or in the law." (Trial Court Opinion at p. 5).

In *Commonwealth v. Simione, supra,* an undercover agent of the Pennsylvania State Police persuaded the defendant to arrange the sale of a quantity of hashish through a third party. Defendant arranged for the transaction to take place in the kitchen of his apartment. When all three men were present, the undercover agent gave the money to the defendant who then received the hashish and change from the third party and returned both to the agent. Thus, the defendant was a mere conduit by which the exchange was made and the defendant did not realize any profit from the transaction. The specific charge of the indictment

returned by the grand jury was that the defendant "did possess, control, deal in, dispense, sell, deliver, distribute or traffic in a narcotic drug: to wit: Hashish." Defendant, however, moved for and obtained a bill of particulars which, as conceded by the Commonwealth, specifically set forth that the defendant "was charged with the sale of hashish." Defendant was subsequently convicted and sentenced to a term of two to five years incarceration. On appeal, the defendant claimed that the Commonwealth's evidence was insufficient to convict him of selling a controlled substance and the Supreme Court agreed.

Unlike the present Controlled Substance, Drug, Device and Cosmetic Act (the Act), 35 P.S. §§ 780–101—780–144, the statute regulating controlled substances at the time *Simione* was decided specifically stated that the sale of a controlled substance constituted the crime.[3] Since the bill of particulars alleged that the defendant had committed a "sale", our Supreme Court reasoned, the Commonwealth was limited to proving the defendant guilty of a sale and that the Commonwealth could not convict him by establishing that he had engaged in any of the other conduct, including delivery, proscribed in the same section of the Act with which he was charged. Finding the evidence insufficient to convict for the sale of the hashish, the judgment of sentence was reversed and the defendant discharged.

■ The section of the present Act, under which Appellant was charged, does not include the sale of a controlled substance within its text.[4] Thus, the actual sale of a controlled substance is not a specifically prohibited act under the charged section of the Act. *Commonwealth v. Metzger*, 247 Pa.Super. 226, 372 A.2d 20 (1977). It is, however, this very point that distinguishes *Simione* from the present case. While the sale of the controlled substance

3. *See* The Drug, Device and Cosmetic Act, 1961, September 26, P.L. 1664, § 4(q), 35 P.S. § 780–4(q).

4. The present Act, 1972, April 14, P.L. 233, No. 64, § 43, specifically repealed the 1961 Drug, Device and Cosmetic Act wherein the word "sale" was part of the definition of the crime. *See* Act, 1961, September 26, P.L. 1664, 35 P.S. § 780–4(q) (repealed).

is not, in and of itself, the prohibited act, in proving the sale one must necessarily show that the controlled substance was delivered to the buyer, and, thus, this delivery incident to the sale is proof of the crime charged.

Such a conclusion is mandated by logic. In *Simione* the mere delivery of a controlled substance was deemed insufficient to prove a sale. The converse is not true; proof of a sale of a controlled substance necessarily includes the delivery of the drug. To reach this result we adhere to our obligation to construe words employed, but not defined, within the laws of the Commonwealth according to their common and approved usage. *Commonwealth v. Simione, supra.* "Delivery" is defined in the Act as follows: "The actual, constructive or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102(b). "Sale" is not defined within the Act, and, therefore, other sources must be looked to for its common and approved meaning. *Webster's Ninth Collegiate Dictionary* defines "sale" as the transfer of ownership of and title to property from one person to another for a price. *Black's Law Dictionary* defines the same term as a contract between two parties called, respectively, the seller or vendor and the buyer or purchaser by which the former, in consideration of payment or promise of payment of a certain price in money, transfers to the latter the title and possession of property or, alternatively, a transfer of property for consideration in money or its equivalent. Finally, this Court, under different circumstances, has had the occasion to define the term as a transfer of property from one party to another for valuable recompense. *Herskovitz v. Vespico*, 238 Pa.Super. 529, 362 A.2d 394 (1976).

Central to each of these definitions is the act of transfer; a term synonymous with delivery. Indeed, under the Act it is now no longer necessary to establish an exchange of money took place, since the "offensive conduct is simply the 'actual, constructive, or attempted transfer from one person to another' of the prohibited substance."

*Commonwealth v. Metzger*, 247 Pa.Superior Ct. at 230, 372 A.2d at 22, *quoting* 35 P.S. §§ 780–102, 780–113(a)(30). Thus, by providing a narrow description of Appellant's conduct giving rise to the criminal charge within the bill of particulars, i.e., the sale of the controlled substance, the Commonwealth merely restricted itself to demonstrating that the transfer of the drug was supported by some type of consideration. The bill of particulars in the present case did not prohibit the Commonwealth from introducing evidence of the transfer or delivery of the drug since, by definition, a sale includes the transfer which, in turn, constitutes the offensive conduct. The trial court, therefore, was correct in denying Appellant's motion in limine.

Judgment of sentence is affirmed.

McEWEN, J., concurs in the result.