369 A.2d 1293

**COMMONWEALTH of Pennsylvania**

v.

**Eugene WARLOW, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1975.

Decided Feb. 18, 1977.

———◆———

Edward G. Rendell, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was arrested on August 10, 1974, and charged with the crimes of rape, indecent assault, simple assault, felonious restraint, burglary, robbery, theft, and conspiracy. After trial by a judge sitting without a jury, appellant was found guilty of felonious restraint and theft and not guilty of burglary, robbery, and rape. On this direct appeal appellant contends that the evidence was insufficient to prove felonious restraint; he evidently does not challenge the conviction of theft.

The trial judge, in his opinion, recites the following facts: On August 10, 1974, Carol Peoples was walking in the area of 17th and Diamond Streets in Philadelphia. She was trying to locate the residence of a friend, but she did not have the exact address. She approached two men who were standing on the steps of a residence on Diamond Street, one of whom was appellant, and asked them if they knew her friend and where she lived. The men told Ms. Peoples that they knew her friend and that she lived on the second floor of the residence. Ms. Peoples proceeded to the apartment on the second floor, followed by appellant and the other man. When she got no response at the door of the apartment, the two men told her that her friend might be in the apartment on the

third floor. When the three reached the third floor, Ms. Peoples was pushed into an apartment by appellant and the other man. While in the apartment, she was forcibly undressed by the two men and appellant had sexual relations with her twice. She was also struck in the face and chest by both men. Appellant also took Ms. Peoples's purse, which contained fifty dollars. Ms. Peoples was only permitted to leave the apartment when she told the two men that she had to pick up her baby at the home of a babysitter. Even then she was accompanied by both men. She was later able to escape, find help, and have appellant and the other man, who was a co-defendant below, arrested.

Appellant's argument proceeds in three steps. First, he argues that inherent in the acquittal on the charge of rape is a finding by the trial judge that Ms. Peoples consented to the sexual relations. Second, he argues that this inferred finding of consent should be extended to include a finding that Ms. Peoples was voluntarily in the apartment. Third, therefore, he concludes, the element of restraint in the crime of felonious restraint was not proved.

We regret that we consider ourselves obliged to observe that the opinion of the trial judge has not assisted us in an appraisal of appellant's argument. In stating the facts, the judge says: "Warlow [appellant] . . . engaged in intercourse with Miss Peoples"; "[Ms. Peoples] was again forcibly undressed by the two men and subjected to intercourse with Warlow;" and "Miss Peoples was forcibly undressed by two men, struck about the face and chest, and forced to engage in sexual intercourse." Slip Opinion of lower court at 2, 3. Why then, we must ask, did the judge not find appellant guilty of rape? He never says.

One might suppose that the judge may have had some doubt about which of the two men had intercourse with

Ms. Peoples. Thus, after stating the facts, the judge says:

> There was some confusion during the course of the trial as to the complainant's references to the names of the two men involved. She did not know the names of the men at the time of the incident and apparently confused the names during the course of this, joint trial of the two co-defendants.

Slip Opinion of lower court at 3.

This supposition may not be relied upon, however, for immediately after this statement, the judge says: "However, the matter of identification was resolved to the satisfaction of the court. (N.T. 64–65)." Furthermore, as has just been mentioned, the judge three times in his opinion says that "Warlow," i. e., appellant, had intercourse with Ms. Peoples; at no time does he say that "one of the two men" had intercourse with her—which is what one would expect him to say if he had had some doubt about identity.

 Had the trial been by jury, decision would be easy: one would conclude that the jury had a reasonable doubt, for example, on consent, or penetration, or identity. In that case, there would be no inconsistency in the verdicts: the jury could still have had no reasonable doubt that appellant was guilty of felonious restraint, for the crimes of rape and felonious restraint are distinct. Felonious restraint occurs where the victim is held "unlawfully in circumstances exposing him to risk of serious bodily injury." Act of Dec. 6, 1972, P.L.1482, No. 334, § 1, as amended, 18 Pa.C.S. § 2902 (1976 Supp.). There would be nothing inherently unreasonable about a jury finding that a woman had not been raped but had been feloniously restrained.

 Here, however, the trial judge's opinion does seem inherently unreasonable. He speaks as though there was penetration, without consent; and in addition,

in explaining why appellant is guilty of felonious restraint, he says:

> The instant situation, in which Miss Peoples was forcibly undressed by two men, struck about the face and chest, *and forced to engage in sexual intercourse,* fulfills the requisite elements of felonious restraint.

> Slip Opinion of lower court at 3 (emphasis added).

Thus the judge makes it impossible for us to rationalize his verdict by supposing, as might have been supposed of a jury verdict, that a woman had not been raped but had been feloniously restrained.

It does not follow from these considerations that we should reverse and order appellant discharged. Consistency in the verdicts in a criminal case is not necessary, and logical inconsistencies will not serve as grounds for reversal. *Commonwealth v. Carter,* 444 Pa. 405, 282 A. 2d 375 (1971); *Commonwealth v. Parrotto,* 189 Pa.Super. 415, 150 A.2d 396 (1959), *allocatur denied; Commonwealth v. Kline,* 107 Pa.Super. 594, 164 A. 124 (1933). Nor may we order a new trial, for appellant was acquitted on the charge of rape. *See Commonwealth v. Hart,* 427 Pa. 618, 235 A.2d 391 (1967); *Commonwealth v. Dooley,* 225 Pa.Super. 454, 310 A.2d 690 (1973).

However, we may insist upon compliance with our rules, in particular, with Superior Court Rule 46, which requires that when an appeal is taken that relates to an order, judgment, or decree for which the reasons do not already appear of record, the judge below "shall forthwith file of record a brief statement of the reasons therefor in the form of an opinion which shall be attached to the record and printed." [1] This requirement of "a brief

1. The Superior Court Rules, in effect at the time the lower court opinion was written, have been abrogated by the Pennsylvania Rules of Appellate Procedure, which became effective July 1, 1976. Pa.R.A.P. 1925(a) provides "Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of

'statement of . . . reasons" assumes that the statement will be intelligible. Here it is not. We have concluded, therefore, that we should remand for a further opinion.

Under the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 504, 17 P.S. § 211.504, we may remand a matter or "require such further proceedings to be had as may be just under the circumstances." It is not enough that justice be done; it must appear to have been done; and this means not only from the perspective of the defendant, but also from the perspectives of the victim in particular and of the community in general. Here, the sentence was six to twenty-three months for felonious restraint, to be followed by probation for the theft. This is not an unreasonable sentence, *if* Ms. Peoples was not raped, twice; but if she *was* raped twice, the sentence is, at least without further explanation, not simply unreasonable but shocking.

By requiring a further opinion, in which the trial judge may respond to the concern expressed in this opinion, we hope to make possible a responsible discharge of our duty under the Appellate Court Jurisdiction Act. In addition it should be noted that this case may well not be over. For example, when we finally decide it, there may be a request to the Supreme Court for allowance of a further appeal; or a petition for post-conviction relief may be filed; or the question may arise whether parole or probation should be revoked. In any of these situations, it may be important that one be able to understand why the trial judge decided the case as he did. By filing a further opinion, the judge may say why.

The record is remanded for further proceedings consistent with this opinion.

HOFFMAN, J., would affirm.

the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found."