395 A.2d 1365

**COMMONWEALTH of Pennsylvania**

v.

**Terry RUSSELL, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1978.

Decided Dec. 20, 1978.

Michael R. Cauley, Assistant Public Defender, Erie, for appellant.

S. Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appellant was convicted, in a jury trial, of aggravated assault. Post-trial motions were timely filed and denied, and he was sentenced to 11½ to 23 months. This appeal followed.

The incident that gave rise to the charges occurred on February 7, 1976. Thomas Gusky (the victim) and Mary Lewis returned to their apartment at about 2:30 or 3:00 A.M. Loud music was coming from the apartment below, where appellant lived. Ms. Lewis tapped on the floor; this was a pre-arranged signal to lower the volume. Shortly thereafter Mr. Gusky heard footsteps on the stairs and saw a "bayonet-type object" thrust through the door. Feeling that it was inevitable that the door would be broken, Mr. Gusky opened it and was beaten by four assailants. He testified:

> "They were trying to attack me while I was trying to throw punches and so forth. I got slashed twice in the back, twice in the chest, four or five times in the face, and I wasn't even aware I was getting slashed at the time . . . ."

In Mr. Gusky's mind there was no question that appellant was one of his assailants; he stated: (Transcript, page 12)

> "Mr. Russell was the only one I could . . . identify. The hallway was dark but the kitchen light was on. He was at the door. The other three I didn't know from previous experience anywhere, thus, I couldn't identify them. Mr. Russell—I knew his face, plus I heard his name

called out and I recognized him and there was no doubt about that."

In response to a question as to whether appellant had wielded the knife, Mr. Gusky replied: (Transcript, page 16)

"I can't positively answer that. I am not quite sure that he is the actual one that had the weapon in his hand or not. I was sliced from behind and from the front; I believe more than one of them had a weapon. Whether or not he actually had the weapon, I am not sure although I did hear one of the other men say, "Terry, put the knife away," or something to that effect. But as far as seeing him with the knife, shoving it in my face, no, I am not sure."

Those of appellant's claims which require discussion arise out of the Bill of Particulars filed by the Commonwealth prior to trial. The Bill of Particulars reads as follows in pertinent part:

"(c) Defendant, with the use of a knife, stabbed the victim several times in the face and also caused cuts and/or abrasions to the chest and back areas.

(d) The defendant, in a reckless manner, using a weapon, to-wit: a sharp object, namely a knife upon the body of one Thomas Vann Gusky.

(f) As set forth in prior paragraphs, reckless endangerment of the life and safety of one Thomas Vann Gusky by use of a knife, defendant then and there cut the victim in three separate places on his body causing severe injuries; namely stab wounds, giving rise to the charge of Aggravated Assault and Recklessly Endangering Another Person." [1]

■ Appellant contends that this limited the Commonwealth to proving that appellant himself inflicted the knife wounds. We agree. In *Commonwealth v. Simione*, 447 Pa. 473, 476, 477, 291 A.2d 764 (1972), the court stated: (447 Pa. p. 476, 291 A.2d p. 766)

1. A demurrer to the charge of recklessly endangering another person was sustained.

"The indictment returned by the grand jury accused appellant in language nearly identical to that of Section 4(g) of The Drug, Device and Cosmetic Act. The indictment alleged that appellant 'did possess, control, deal in, dispense, sell, deliver, distribute or traffic in a narcotic drug: to wit: Hashish' . . .

(447 Pa. p. 477, 291 A.2d p. 766)

The function of a bill of particulars is to enable the accused to prepare for trial and to prevent surprise. Thus it has long been the law in Pennsylvania that the Commonwealth is restricted to proving what it has set forth in the bill. Since the bill alleged only that appellant had committed a 'sale', the Commonwealth, absent an amendment to the bill expressly allowed by the trial court[s], was limited to proving that appellant was guilty of a 'sale' . . . Thus by reviewing all of the evidence, and viewing the evidence in the light most favorable to the Commonwealth, we must determine whether the evidence was sufficient to establish that appellant 'sold' a prohibited drug."

If the Commonwealth intended to rely on a theory of accomplice liability, we think that information should have been included in the Bill of Particulars. A presumptively innocent defendant, untrained in the law, can be expected to give the words in the Bill their ordinary meaning and to fail to anticipate other associated meanings in the absence of specific notice. Therefore, in this present case, the Commonwealth was limited to proving that appellant himself committed the acts constituting aggravated assault.[2] Appellant contends that the evidence was insufficient to prove this. We do not agree. Mr. Gusky testified, as we note supra, that he heard one of the assailants say "Terry, put the knife away." And another Commonwealth witness, Charles James, who had been in appellant's apartment at the time of the incident, testified that appellant came down the

2. It is not contended that any of the injuries other than the knife wounds were serious enough to sustain the aggravated assault charge.

stairs afterward with a knife in his hand. This circumstantial evidence was probably sufficient at law to support a conclusion that appellant did the stabbing.

■ There remains a problem, however, with the verdict of guilty of aggravated assault: The trial judge, apparently sua sponte, charged the jury (Transcript, pages 73 and 74) on the liability of an "accomplice":

" . . . So whether Mr. Russell had the knife or not is not necessarily crucial if someone else in the party was wielding a knife and he was going along with the business . . . ."

In essence, the trial judge told the jury that it could find defendant guilty of aggravated assault if some one of his companions, not he, had used the knife against the victim. This was error, especially since the Bill of Particulars specified that the defendant used the knife.

A reading of the trial transcript confirms that the most important issue of fact raised by both sides was whether defendant himself wielded the knife. The proof that defendant actually wielded the knife is circumstantial. The victim himself was unable to so testify. On the issue of *aggravated* assault (involving, as it did, the knife wounds) defendant was entitled to have the jury resolve the issue of whether defendant personally inflicted knife wounds, rather than whether one of his companions did so. We think, therefore, that the conviction for *aggravated* assault cannot stand.

■ While we cannot sustain a conviction for aggravated assault, some inquiry is relevant as to simple assault. Simple assault is a lesser included offense, or in other words a component part of, the offense of aggravated assault. See *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1975). The record shows that the victim's testimony was unequivocal and certain that the defendant was one of the group who attacked him. Furthermore, there appears to be no real dispute in the record, in cross examination or otherwise, that defendant was one of the parties engaged in

physical conflict with the victim. It is clear, therefore, that defendant was guilty of a *simple* assault and that the charge as to accomplice-liability was not prejudicial to defendant as to *simple* assault. Though we reverse the conviction for aggravated assault and the sentence imposed on that conviction, we remand the case to the lower court with instructions to reduce the offense for which appellant was convicted from aggravated assault to simple assault and to resentence defendant on the latter charge.

The defendant also raised questions on appeal concerning the lower court ruling allowing photographs of the victim to be given to the jury, and to alleged improper remarks by the Commonwealth's attorney in closing arguments. We have carefully reviewed the record as it relates to such claims, and find them to be devoid of arguable merit.

Reversed and remanded for further proceedings consistent with this Opinion.

SPAETH, J., filed a concurring and dissenting opinion.

CERCONE, J., filed a dissenting opinion.

JACOBS, President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting:

I concur in Judge VAN der VOORT's conclusion that the conviction for aggravated assault cannot stand: The Commonwealth stated by its bill of particulars that it would prove that "[d]efendant, with the use of a knife, stabbed the victim . . . ." This statement limited the Commonwealth's proof. The trial judge, therefore, was obliged to tell the jury that it could not convict appellant unless it found that he had stabbed the victim. Instead the judge told the jury that it could convict appellant even if it found that someone else—an accomplice—had stabbed the victim.

However, I dissent from Judge VAN der VOORT's conclusion that the remedy for this error is to set aside the conviction of aggravated assault and remand for imposition

of sentence for simple assault. This remedy is appropriate only when we know that the defendant has committed simple assault. In other words: aggravated assault is alleged; assault is proved; but serious injury is not proved. *See Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978); *cf. Commonwealth v. Scott*, 246 Pa.Super. 58, 369 A.2d 809 (1976) (fact that Commonwealth failed to prove defendant robbed victim does not necessarily mean that defendant should be discharged since he may still be guilty of theft). This is not such a case. Here, the jury *might* have found that appellant committed assault; that is, the evidence was sufficient to support a finding that appellant had the knife and stabbed the victim. However, the jury *also* might have found that someone *else* committed assault, for the evidence was *also* sufficient to support a finding that someone else had the knife and stabbed the victim. Thus, the issue here is not whether the evidence was sufficient to show that defendant's proved assault was aggravated rather than only simple, but rather whether it was sufficient to show that the defendant committed any assault at all. Plainly, the evidence was not sufficient. Given the lower court's erroneous instructions, the jury was free to find, and might have found, either that appellant did stab, or that he did not stab (but was guilty anyway because his accomplice did). It is impossible to tell from the evidence which of these possible findings the jury made. Accordingly the evidence was insufficient. *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972); *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977); *Commonwealth v. Lambert*, 226 Pa.Super. 41, 313 A.2d 300 (1973).*

The judgment of sentence should be vacated and the case remanded for a new trial, consistent with this opinion.

* Indeed, there was a third possible finding, namely, that appellant was guilty of simple assault because he attacked the victim but without using a knife. This possibility does not affect the analysis just stated, however, for it does not exclude the possibility that the jury found that appellant never assaulted the victim at all, with or without a knife, but only found him guilty because of the court's erroneous instruction.

CERCONE, Judge, dissenting.

I dissent. Those of appellant's claims which require discussion arise out of the Bill of Particulars filed by the Commonwealth prior to trial. The Bill of Particulars reads as follows in pertinent part:

"(c) Defendant, with the use of a knife, stabbed the victim several times in the face and also caused cuts and/or abrasions to the chest and back areas.

(d) The defendant, in a reckless manner, using a weapon, to-wit: a sharp object, namely, a knife upon the body of one Thomas Vann Gusky.

. . . . .

(f) As set forth in prior paragraphs, reckless endangerment of the life and safety of one Thomas Vann Gusky by use of a knife, defendant then and there cut the victim in three separate places on his body causing severe injuries; namely, stab wounds, giving rise to the charge of Aggravated Assault and Recklessly Endangering Another Person."

According to appellant, this limited the Commonwealth to proving that appellant himself inflicted the knife wounds. I agree. In *Commonwealth v. Simione*, 447 Pa. 473, 476, 477, 291 A.2d 764, 766 (1972), the court stated:

"'The indictment returned by the grand jury accused appellant in language nearly identical to that of Section 4(q) of The Drug, Device and Cosmetic Act. The indictment alleged that appellant 'did possess, control, deal in, dispense, sell, deliver, distribute or traffic in a narcotic drug: to wit: Hashish.' . . .

. . . . .

The function of a bill of particulars is to enable the accused to prepare for trial and to prevent surprise. Thus it has long been the law in Pennsylvania that the Commonwealth is restricted to proving what it has set forth in the bill. Since the bill alleged only that appellant had committed a 'sale', the Commonwealth, absent an amend-

ment to the bill expressly allowed by the trial court[s], was limited to proving that appellant was guilty of a 'sale.' . . . Thus by reviewing all of the evidence, and viewing the evidence in the light most favorable to the Commonwealth, we must determine whether the evidence was sufficient to establish that appellant 'sold' a prohibited drug."

The intention of the Commonwealth to rely on a theory of accomplice liability is information essential to preparation for trial, and is thus information which must be included in a Bill of Particulars, particularly since a presumptively innocent defendant, untrained in the law, can be expected to give the words in the Bill their ordinary meaning and to fail to anticipate the theory in the absence of specific notice. Therefore, instantly, the Commonwealth was limited to proving that appellant himself committed the acts constituting aggravated assault.[1] Appellant contends that the evidence was insufficient to prove this. I disagree. Mr. Gusky testified, as we note supra, that he heard one of the assailants say "Terry, put the knife away." And another Commonwealth witness, Charles James, who had been in appellant's apartment at the time of the incident, testified that appellant came down the stairs afterward with a knife in his hand. This circumstantial evidence was sufficient at law to support a conclusion that appellant did the stabbing.[2]

However, I agree with appellant's characterization of Charles James' testimony as "confused and inconsistent" and would therefore sustain another of appellant's contentions, that the court committed reversible error in instructing the jury that they could convict appellant if they found him to be an accomplice. I am unable to conclude from the record that this charge, erroneous in light of the Bill of Particulars,

1. It is not contended that any of the injuries other than the knife wounds were serious enough to sustain the aggravated assault charge.

2. The evidence was also clearly sufficient to establish accomplice liability.

did not affect the verdict.[3]   Accordingly I would reverse for a new trial at which the Commonwealth will not be permitted to rely on a theory of accomplice liability unless it amends its Bill of Particulars.[4]

Judgment of sentence should be reversed and case remanded for a new trial.

**3.** After the verdict, in the context of a discussion as to whether appellant's bond should be revoked, the court stated:
"I will tell you that I don't know whether you wielded the knife, but what happened is no good.   It's bad news and you were in on it."
The lower court's discussion of the issue as to the charge, in its opinion, consists, in its entirety, of the following:
"The court's statement was correct event though, apparently, Defendant himself committed the assault."
The discussion of the other issues is equally unenlightening.   I refer the lower court to Pa.R.A.P. 1925, which states the minimum requirements for an opinion in support of an appealed order.   See also *Commonwealth v. Warlow*, 246 Pa.Super. 224, 369 A.2d 1293 (1977).

**4.** Nothing said herein should be construed to preclude alternative pleading in a Bill of Particulars.