J-A18010-23

2023 PA Super 211


COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
           Appellant            :
                                :
                                :
                                :
           v.                   :
                                :
                                :
                                :
SHANNON MCKNIGHT                :    No. 66 WDA 2023

Appeal from the Order Entered January 12, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001628-2022


BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY BENDER, P.J.E.:                    **FILED: OCTOBER 23, 2023**

The Commonwealth appeals from the trial court's January 12, 2023 pretrial order directing that it shall provide information requested in Appellee's, Shannon McKnight, "Request for Bill of Particulars Pursuant to Pa.R.Crim.P. 572(A)" ("Request").  After careful review, we affirm.

We summarize the pertinent background of this case, as follows.  On December 20, 2022, the Commonwealth filed a Bill of Information ("Information") charging Appellee with, *inter alia*, two counts of first-degree murder (18 Pa.C.S. § 2501(a)) and one count of attempted murder (18 Pa.C.S. § 901(a)).  The Information alleges that Appellee caused the death of a three-month-old infant, N.M., by poisoning the infant with fentanyl.  The Information also alleges that Appellee attempted to murder a 16-month-old

toddler, K.M., also with fentanyl.[1]  On December 20, 2022, the Commonwealth filed a "Notice of Aggravating Circumstances" for purposes of seeking the death penalty.

On December 22, 2022, Appellee submitted the Request to the District Attorney's Office, wherein the Commonwealth was asked to provide Appellee with the following:

> 1. In what manner was fentanyl and/or a combination of drugs and/or a chemical compound and/or an illegal substance introduced to N.M.?
>
> 2. In what manner was cocaine and/or fentanyl and/or a combination of drugs and/or dangerous metabolites introduced to K.M.?

Request at 1 (unnumbered single page).  Appellee also stated in the Request that without those particulars, she does not know what is being alleged as the *actus reus* in counts one through three, and that she cannot adequately prepare for trial without the information.  *Id.*

On January 4, 2023, the Commonwealth filed a response to the Request in which the Commonwealth refused to provide the requested particulars.  The Commonwealth argued that Appellee was using the requested particulars to improperly seek the Commonwealth's evidence.  On January 9, 2023, Appellee

---

[1] The Information identifies the 16-month-old toddler as "B.M."  In Appellee's Request, she identifies the toddler as "K.M.," and notes that the Information mistakenly refers to the 16-month-old as B.M.  *See* Request, 12/22/22, at 1 n. 1 (unnumbered single page).  We will herein refer to the 16-month-old as K.M. for purposes of clarity.

filed a motion asking the trial court to direct the Commonwealth to provide the information sought in the Request. On January 12, 2023, the trial court entered an order directing the Commonwealth to "provide the information requested in Defendant's Request for Bill of Particulars." Order, 1/12/23, at 1 (unnumbered single page). The order further provides that the Commonwealth's "[f]ailure to provide adequate responses to these inquiries may result in a prohibition against alleging specific intent to kill and the death penalty." *Id.*

The Commonwealth filed a timely Notice of Appeal from the trial court's order on the same date. The Commonwealth certified that the order terminates or substantially handicaps its prosecution of Appellee's case pursuant to Pa.R.A.P. 311(d). The trial court thereafter ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the Commonwealth timely complied. The court filed its Rule 1925(a) opinion on March 7, 2023. Herein, the Commonwealth states four issues for our review:

> A. Did the [c]ourt err in requiring the Commonwealth to answer [Appellee's] Request for Bill of Particulars?
>
> B. Did the [c]ourt err in requiring the Commonwealth to answer [Appellee's] Request for Bill of Particulars where the [Appellee] was seeking the Commonwealth's evidence and was not a proper request for a bill of particulars?
>
> C. Did the [c]ourt err by requiring the Commonwealth to respond to [Appellee's] Request for Bill of Particulars by providing the Defense with its theory of the case?

D. Did the [c]ourt err in ordering that failure to provide adequate responses may result in a prohibition against alleging specific intent to kill and the death penalty?

Commonwealth's Brief at 7.

Before addressing the Commonwealth's claims, we must discuss the appealability of the court's January 12, 2023 order. On February 6, 2023, counsel for Appellee filed a Motion to Quash ("Motion") this appeal, arguing that the "Commonwealth's interlocutory appeal is premature, as the order to furnish a bill of particulars in this matter does not terminate or substantially handicap the prosecution in this case." Motion to Quash, 2/6/23, at 3 ¶ 14 (unnumbered). Appellee also argued that there has been no suppression or exclusion of Commonwealth evidence at this point because the trial court's order informs the Commonwealth that some of their claims "***may*** be suppressed" if the Commonwealth fails to comply with the order. ***Id.*** at ¶ 12 (emphasis in original).

By Order dated February 10, 2023, this Court directed the Commonwealth to respond to Appellee's Motion within seven days. The Commonwealth filed a timely "Answer to Motion to Quash" ("Answer"). Therein, the Commonwealth stressed that the order at issue provides that the failure or refusal to comply with the order would result in the Commonwealth's being precluded from seeking the death penalty or even seeking a first-degree murder conviction. The Commonwealth also averred that it is being compelled to give its theory of the case, and that compliance with the order would limit its presentation of its case. Further, the Commonwealth maintained that

Appellee's requests are not a proper subject for a bill of particulars and, instead, are in the nature of a discovery request. Finally, the Commonwealth argued that when a pretrial motion removes evidence from the Commonwealth's case, only the prosecutor can judge whether that evidence substantially handicaps the prosecutor's ability to prove every essential element of the case.

On April 3, 2023, this Court issued a *per curiam* order denying Appellee's Motion without prejudice to her right to raise the issue before the present merits panel. While Appellee does not reiterate her request that we quash this appeal in her appellate brief, we "may raise jurisdictional issues *sua sponte*." **A.A. v. Glicken**, 237 A.3d 1165, 1168 (Pa. Super. 2020) (citations omitted); **see also In re Estate of Cella**, 12 A.3d 374, 377 (Pa. Super. 2010) ("The appealability of an order directly implicates the jurisdiction of the court asked to review the order. [T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable.") (internal quotation marks and citations omitted). Thus, we examine whether the trial court's January 12, 2023 order is appealable.

Pennsylvania Rule of Appellate Procedure 311(d) provides that "[i]n a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). This Court has stated that "[w]hile the Commonwealth's good faith certification

under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case." ***Commonwealth v. Wright***, 99 A.3d 565, 568 n.1 (Pa. Super. 2014); ***see, e.g.***, ***Commonwealth v. Cosnek***, 836 A.2d 871 (Pa. 2003) (finding that the Commonwealth's appeal from a pretrial ruling that denied its motion *in limine* to exclude certain defense evidence was not appealable under Rule 311(d)); ***Commonwealth v. Woodard***, 136 A.3d 1003 (Pa. Super. 2016) (ruling that the Commonwealth's appeal from an order denying its motion to consolidate pursuant to Pa.R.Crim.P. 582 was not appealable under Rule 311(d)); ***Commonwealth v. Hamilton***, 2021 WL 225635 (Pa. Super. filed Jan. 22, 2021) (unpublished memorandum) (concluding that a pretrial order denying the Commonwealth's Tender Years motion without prejudice to refile the motion prior to trial was not appealable as of right under Pa.R.A.P. 311(d)).[2]

On the other hand, when a pretrial order has the effect of excluding Commonwealth evidence, this Court is "not permitted" to inquire into the Commonwealth's good-faith certification. ***Commonwealth v. Moser***, 999 A.2d 602, 605 n.2 (Pa. Super. 2010). Indeed, "[t]he classic case of an interlocutory order appealable by the Commonwealth as of right … is one granting a defense motion to suppress evidence." ***Commonwealth v. Pownall***, 278 A.3d 885, 889 (Pa. 2022) (citation omitted). "This category covers all types of orders resulting in the suppression or exclusion of

---

[2] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

Commonwealth evidence[,]" and also "includes orders that have 'the practical effect' of suppressing or excluding evidence." *Id.* (citing **Commonwealth v. Matis**, 710 A.2d 12, 18-19 (Pa. 1998) (finding that a pretrial order denying the Commonwealth's motion for a continuance to secure the presence of a necessary witness was "sufficiently similar to a suppression order to justify an appeal")). Additionally, Rule 311(d) is not limited to suppression-related orders, but may also include "other types of orders…." *Id.* (citation omitted). For instance, in **Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005), our Supreme Court found appealable an order quashing some, though not all, offenses charged against Karetny, reasoning that the order "quite definitively terminates the prosecution as to the quashed charge" and "imposes a handicap that the prosecution cannot overcome without a pretrial appeal." We also note that in **Woodard**, this Court recognized that the Commonwealth has the right to appeal an order precluding it from seeking the death penalty. **Woodard**, 136 A.3d at 1005 (citing **Commonwealth v. Buonopane**, 599 A.2d 681 (Pa. Super. 1991)).

In **Pownall**, our Supreme Court addressed the appealability of "a new type of order" that did "not concern the suppression of evidence or fit neatly within any of the other discrete categories that we have held are appealable as of right by the Commonwealth…." **Pownall**, 278 A.3d at 900. The order at issue there was "one denying a pretrial Commonwealth motion *in limine* seeking to preclude the trial court's use of a suggested standard jury instruction" based on a "facial attack to the statute upon which that instruction

is based[].” *Id.* Relying on Rule 311(d)'s "plain language[,]" the Court ultimately determined that the order did not terminate or substantially handicap the Commonwealth's prosecution and, thus, the interlocutory appeal was not permitted. *Id.* In so ruling, the Court relied on its earlier decision in *Commonwealth v. Shearer*, 882 A.2d 462 (Pa. 2005). There,

> the Commonwealth took an interlocutory appeal from "a pretrial order granting [the defendant's] request to compel the minor complainant to submit to a psychological exam for the purpose of aiding the trial court in determining whether [he] was competent to testify." [*Shearer*,] 882 A.2d at 464. The Commonwealth argued its appeal was proper under Rule 311(d) on the ground its case would be "over if the trauma inflicted on the child results in his being unwilling or unable to cooperate or testify, or otherwise results in or contributes to a defense verdict." *Id.* at 468 (internal quotations, brackets, and citation omitted). We disagreed. Notably, we flatly rejected the Commonwealth's "assertion that it should always be permitted to appeal any pretrial order that has the potential to affect its ability to meet its burden of proof." *Id.* at 467. In our view, the claimed handicap was founded on nothing more than the Commonwealth's "speculation regarding the potential effects of the order[.]" *Id.* at 468. That, we held, "simply does not suffice to establish" an order's appealability under Rule 311(d). *Id.*

*Pownall*, 278 A.3d at 901.

The *Pownall* Court found that the Commonwealth's appeal "faces the same problem" addressed in *Shearer*. *Id.* Namely, while the Commonwealth contended that the court's order would force it "to disprove multiple justification defenses," the Court concluded that it was "impossible to know in this pretrial posture whether the [Commonwealth would] actually be forced to disprove anything." *Id.* "That could only theoretically occur if, at trial," certain evidence was produced that would support the at-issue jury

instruction, and the court then exercised its discretion to issue that charge "exactly as written." *Id.* The *Pownall* Court characterized the Commonwealth's "asserted substantial handicap" as being "constructed on layer after layer of speculation and 'what ifs.'" *Id.* It held that "Rule 311(d) requires more[,]" namely, that "the order appealed from [has] a tangible or practical effect on the Commonwealth's actual ability to prosecute its case." *Id.* at 901-02.

Here, we conclude that the order from which the Commonwealth appeals has a practical and tangible impact on its ability to prosecute Appellee's case. Namely, the order requires the Commonwealth to either provide information that it believes will improperly "reveal [its] theory of the case" and have "the effect of constraining the Commonwealth's evidence[,]" or refuse to comply with the order and risk that the court will preclude it from prosecuting Appellee for first-degree murder, or seeking the death penalty against her, by prohibiting evidence that Appellee acted with the specific intent to kill. Commonwealth's Brief at 15. Unlike the speculative argument in *Pownall*, here, the Commonwealth has offered concrete reasons that it believes its prosecution will be hampered whether it complies with the court's order or refuses to do so. Accordingly, we accept the Commonwealth's certification under Rule 311(d) and proceed to the merits of the issues it raises herein.

The Commonwealth's first three issues are interrelated and, thus, we will address them together. The Commonwealth contends that the court erred

by requiring it to answer Appellee's Request, as it "is putting the Commonwealth in the precarious position of trying to figure out what is an appropriate response" to the Request, while at the same time knowing "that if the Commonwealth does not meet this undefinable standard that it will be precluded from seeking first-degree murder or the death penalty." Commonwealth's Brief at 16.  Additionally, the Commonwealth insists that, "if it does in some way file an acceptable response with the trial court, then it would be limited in the presentation of its case." *Id.* at 17.  Specifically, the Commonwealth contends that "being required to present [its] theory of the case in an answer to a bill of particulars will constrain the Commonwealth in its presentation of evidence." *Id.* at 18.  It elaborates that,

> [t]his case is largely based on circumstantial evidence and there are many ways in which the child could have been poisoned by her parents with fentanyl (*i.e.*, inhalation, ingestion, etc.).  The case law is very clear that the Commonwealth is restricted to proving what it has set forth in the bill of particulars. **Com[monwealth] v. Simione**, 291 A.2d 764 … [(Pa.] 1972[)].  The [Commonwealth] should not be limited at this point to choosing only one possible way in which the child was poisoned with fentanyl.

*Id.*

The Commonwealth further avers that Appellee "is requesting things within the bill of particulars that are not a proper subject for a bill of particulars and are in the nature of a discovery request." *Id.* at 17.  The Commonwealth stresses that "[a] bill of particulars is not a place where the Commonwealth clarifies [its] evidence." *Id.*  Instead, "[t]he function of [a] bill of particulars is to give notice to the accused of the offense charged in order to permit him

to prepare a defense, avoid surprise, and be placed on notice as to any restrictions in the Commonwealth's proof." *Id.* at 16 (citing ***Commonwealth v. Delbridge***, 771 A.2d 1, 4 (Pa. Super. 2001)). Instantly, the Commonwealth contends that,

> [t]he facts are clear that … Appellee and her co-defendant were in a small room with over … 100 stamp bags of fentanyl mixed with horse tranquilizer and drug paraphernalia everywhere. In that small room were the now deceased infant, and a 16-month-old sibling who both tested positive for fentanyl and horse tranquilizer. There is no surprise here or need for clarification of evidence.

*Id.* at 18-19.

In regard to Appellee's claim that she "cannot prepare a proper defense because [she] does not know the *actus reus*[,]" the Commonwealth points out that "[t]he wrongful deed that composes the crime is the poisoning of the infant child and their 16-month-old sibling with fentanyl and horse tranquilizer." *Id.* at 20-21. The Commonwealth insists that this fact is "contained within the discovery that has been provided" to Appellee, and that the trial court's order improperly requires the Commonwealth to divulge its theory of the case, despite that "no rule of criminal procedure … requires the Commonwealth to put forth [its] trial strategy and/or theory." *Id.* at 21, 22.

In assessing the Commonwealth's arguments, we are mindful that "[w]e review a trial court's [Pa.R.Crim.P.] 572 decision for an abuse of discretion." ***Commonwealth v. Libengood***, 152 A.3d 1057, 1059 (Pa. Super. 2016) (citation omitted). Rule 572 states:

(A) A request for a bill of particulars shall be served in writing by the defendant upon the attorney for the Commonwealth within 7 days following arraignment. The request shall promptly be filed and served as provided in Rule 576.

(B) The request shall set forth the specific particulars sought by the defendant, and the reasons why the particulars are requested.

(C) Upon failure or refusal of the attorney for the Commonwealth to furnish a bill of particulars after service of a request, the defendant may make written motion for relief to the court within 7 days after such failure or refusal. If further particulars are desired after an original bill of particulars has been furnished, a motion therefor may be made to the court within 5 days after the original bill is furnished.

(D) When a motion for relief is made, the court may make such order as it deems necessary in the interests of justice.

Pa.R.Crim.P. 572.

Here, in explaining its decision to order the Commonwealth to respond to Appellee's Request, the trial court states:

As previously noted by the [c]ourt, a bill of particulars functions to provide a defendant with notice of the charges contained within the bill of information so as to allow her to prepare for trial, prepare a defense, and to prevent surprise during the proceedings. Additionally, the comment to Pa.R.Crim.P 572 (governing bill of particulars) states that "[t]he traditional function of a bill of particulars is to *clarify the pleadings and to limit the evidence which can be offered to support the information*." Pa.R.Crim.P. 572 (Comment) (emphasis added). … Moreover, "when a motion for relief is made, the [c]ourt *may make such order as it deems necessary in the interests of justice*." Pa.R.Crim.P. 572(D) (emphasis added).

Turning to the matter *sub judice*, the [c]ourt's decision to grant Appellee's motion for a bill of particulars does not amount to an abuse of its discretion and is necessary to ensure that the interest of justice are protected. As the [c]ourt has discussed throughout its opinion, Appellee, in her request for a bill of particulars, requested information regarding the manner in which the victims in this matter were allegedly poisoned. While a bill of particulars is not to be directed at the Commonwealth's evidence and utilized

- 12 -

as a substitute for discovery, Appellee's request did no such thing. ***Commonwealth v. Mercado***, 649 A.2d 946, 959 (Pa. Super. 1994). Rather, Appellee's request for a bill of particulars merely sought clarification as to information that had already been supplied by [the Commonwealth], that is, that the victims in this matter had allegedly been poisoned. Such a request for clarification evidently fits directly within the purposes for which a bill of particulars is sought. ***See*** Pa.R.Crim.P. 572 (Comment).

Furthermore, the [c]ourt fails to see how Appellee would adequately be able to prepare a defense for trial and be fully apprised of the charges against her without the requested clarification. More specifically, given the nature of the charges and the fact that [the Commonwealth] is pursuing the death penalty in this matter, clarification as to the manner in which the victims were allegedly poisoned is imperative to Appellee's ability to obtain the necessary and proper expert witnesses, prepare a comprehensive defensive strategy, and avoid surprise during the trial. Absent said clarification, Appellee would be placed in a position in which she would have to obtain various experts to account for the multitude of ways in which the victims could have been allegedly poisoned. Moreover, Appellee would also be required to craft multiple defensive strategies as to the numerous ways in which the victims could have been allegedly poisoned, all while preparing for the varying evidence that could be introduced.[2] To expect Appellee to be able to meet such a lofty burden is unrealistic, contrary to the interests of justice, and precisely what a bill of particulars seeks to avoid. ***See*** [***Commonwealth v.***] ***Bartman***, 367 A.2d [1121,] 1127 [(Pa. Super. 1976)]; ***See also*** Pa.R.Crim.P. 572(D); Pa.R.Crim.P. 572 (Comment). Accordingly, for the aforementioned reasons, this [c]ourt did not abuse its discretion when it granted Appellee's "Motion for Bill of Particulars to Compel District Attorney to Respond."

[2] Without the requested bill of particulars, Appellee would be required to engage in endless guesswork regarding the *actus reus* elements of the charged offenses and the accompanying evidence, inevitably resulting in surprise during the trial. Given that [the Commonwealth] is pursuing the death penalty in this matter, requiring Appellee to endure such surprise and preventing her from being unable to formulate and mount the proper defensive strategy blatantly runs afoul of the interests of justice.

TCO at 8-9.

Given the court's discussion, we discern no abuse of discretion in its decision to grant Appellee's Request. Appellee seeks clarification of the pleadings in this case, which is not improper. Moreover, we disagree with the Commonwealth's assertion that Appellee is attempting to constrain it in its presentation of evidence by forcing it to choose one theory of how the children were poisoned. Indeed, in response to the Commonwealth's argument that "[t]his case is largely based on circumstantial evidence and there are many ways in which the child could have been poisoned by her parents with fentanyl (*i.e.*[,] inhalation, ingestion, etc.)[,]" Appellee states: "If that is the extent of the allegations from the Commonwealth, then that should be the answer to the request for a bill of particulars." Appellee's Brief at 13 (quoting Commonwealth's Brief at 18). She continues:

> At least then, [Appellee] would know that the prosecutor does not know exactly how the fentanyl got into the children's systems and could prepare a defense based on that premise. One of the functions of the bill of particulars is for the defense to be placed on notice of any restrictions upon the Commonwealth's proof. If there is something more particular that the Commonwealth intends to allege, however, then that should be shared with [Appellee] in the bill of particulars because it is an essential element of the offenses in question. It certainly should not be shared for the first time at trial. Appellee genuinely wishes to avoid surprise and prepare a defense against the allegations that will be made against her.

*Id.* at 13-14.

We agree with Appellee. She is seeking clarification of the pleadings, in which the Commonwealth alleged that she poisoned the victims by 'introducing' illegal drugs into their systems. Appellee's request for further

- 14 -

explanation of how she purportedly introduced such substances is not improper. Appellee's preparation of her defense will differ significantly if the Commonwealth is alleging a specific method of poisoning, or contending that she poisoned the children in some manner that is unable to be determined. We reiterate that the trial court has "broad discretion to 'make such order as it deems necessary in the interests of justice' when a defendant files a motion to compel the Commonwealth to file a bill of particulars." ***Commonwealth v. Champney***, 832 A.2d 403, 412 (Pa. 2003). Thus, we conclude that the court did not abuse its discretion in granting Appellee's Request seeking clarification of the Commonwealth's pleadings.

In the Commonwealth's fourth and final issue, it contends that the trial court erred in ordering that its failure to provide an adequate response to Appellee's Request "may result in a prohibition against alleging specific intent to kill and the death penalty." Order, 1/12/23, at 1 (single page). According to the Commonwealth, the "court's rulings are based on the idea that this is a death penalty case and therefore the Commonwealth has a heightened duty or burden of proof." Commonwealth's Brief at 23. The Commonwealth insists that "[t]he Rules of Criminal Procedure do not change evidentiary rules such as this just because the Commonwealth has sought the [d]eath [p]enalty." ***Id.*** It then stresses that the trial court has "no authority to examine the methods employed by the prosecutor in making the determination of whether to proceed with a murder prosecution as a capital case," and claims that here, "[t]he trial court's prohibition of the death penalty (actual or proposed) for

failure to respond appropriately" to Appellee's Request "is a clear violation of the separation of powers." *Id.* at 25. The Commonwealth further contends that the court's granting Appellee's Request "is motivated whole or in part based on the [c]ourt's personal bias against the Commonwealth in seeking the [d]eath [p]enalty." *Id.* As evidence of the court's purported bias, the Commonwealth cites questions asked by the court during a hearing in Appellee's co-defendant's case on January 12, 2023. *See id.* at 25-26.

Initially, the Commonwealth does not point to where in the record it raised its claim of bias before the trial court, and it did not specifically assert that issue in its Rule 1925(b) statement. Thus, the trial court did not address this allegation of bias in its opinion, and we will not review it for the first time on appeal, as it is waived.[3] *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Order, 1/17/23, at 1 (warning that "[a]ny issue not properly included in the statement timely filed and served on the trial judge shall be deemed waived") (unnumbered page); *see also Greater Erie*

---

[3] We also point out that the January 12, 2023 transcript of the hearing in Appellee's co-defendant's case is not included the certified record before this Court. Thus, we would not be permitted to consider it in assessing the Commonwealth's allegations of trial court bias, even had that claim been properly preserved. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) ("Simply put, if a document is not in the certified record, the Superior Court may not consider it.") (citation omitted).

***Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa.

Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived

his issues on appeal based on non-compliance with [Rule] 1925, it is the trial

court's order that triggers an appellant's obligation[.  T]herefore, we look first

to the language of that order.") (citations omitted; some brackets added).

We are also unconvinced by the Commonwealth's argument that the

court abused its discretion by ordering that it may be prohibited from alleging

specific intent to kill and pursuing the death penalty if it fails to adequately

respond to Appellee's Request.    In rejecting this claim, the trial court

explained:

> Allowing [the Commonwealth] to continue to pursue the ultimate
> punishment in a case where the defendant has not been fully
> apprised of the charges against her, will be unable to adequately
> prepare for trial, and ultimately would not be able to mount an
> effective and comprehensive defense offends even the most basic
> interests of justice.  Thus, to ensure that the interests of justice
> are protected to the greatest degree possible in this matter, the
> [c]ourt, as empowered by Rule 572(D), deemed it necessary to
> order that [the Commonwealth] may be prohibited from
> continuing to pursue the death penalty in this matter if it fails to
> provide Appellee with the requested bill of particulars.  ***See***
> Pa.R.Crim.P. 572(D).  As such, the [c]ourt did not err nor abuse
> its discretion when it ordered that [the Commonwealth] may be
> prohibited from alleging a specific intent to kill and from pursuing
> the death penalty in this matter if it failed to furnish Appellee's
> requested bill of particulars.

TCO at 10.

Again, the trial court possessed broad discretion to fashion its order

granting Appellee's Request as it believed necessary to serve the interests of

justice.    For the reasons set forth *supra*, we agree with the court that

Appellee's seeking clarification of the Commonwealth's allegation of poisoning is permissible, in the interests of justice, so that she may effectively prepare her defense and avoid surprise at trial. Thus, there is no basis for the Commonwealth to refuse to comply with the court's order to provide the bill of particulars and, at this juncture, the court is not precluding it from pursuing the death penalty. Thus, the Commonwealth has failed to convince us that the court abused its discretion in fashioning its order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023