J-S25041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN PURDIE | : | |
| | : | |
| Appellant | : | No. 2216 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006406-2021

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 14, 2025**

Shawn Purdie, Appellant, appeals from the judgment of sentence imposed following a bench trial on April 13, 2023.  Appellant asserts that the trial court erred in failing to grant his motion to suppress and that the evidence was insufficient to support his robbery conviction.  Because the defects in Appellant's brief are substantial and hamper our ability to conduct appropriate appellate review, Appellant has waived his claims on appeal.  We therefore affirm his judgment of sentence.

The trial court set forth the facts of this case as follows:

> On December 2, 2020, Philadelphia police officer Brittany Colon (Badge #1877) received a radio call which led her to 1300 Market Street, in the city and county of Philadelphia.  Upon arrival, she saw a man lying in the street.  Officer Colon testified that the man in question kept shouting that he was shot.

> Thereafter, the injured man was taken to the hospital. Detective Timothy Gibson (Badge #917) was then assigned to investigate the shooting in this matter.  Detective Gibson stated

that the crime scene was located on the SEPTA platform at 13th and Market Streets, all the way down on the lowest level possible.

Detective Gibson testified that there was a spent shotgun casing and wadding found at the crime scene. He also testified [that] a blood trail … started from the bottom level, led up to the ground level, and ultimately out to the corner of 13th and Market Streets.

Detective Gibson then testified that [a d]etective … from Central Detectives received information from the Philadelphia Police Department as to the identity of the shooter through a photo array, which was later established to be [Appellant].

The complainant was later identified as Levi Thomas.

After speaking with Mr. Thomas, the officers obtained an arrest warrant for [Appellant]. Detectives subsequently searched [Appellant's] home. A shotgun was never found[,] but mail in [Appellant's] name was recovered.

Trial Court Opinion, 11/8/23, at 3-4.

By information filed on July 20, 2021, Appellant was charged with a total of 10 criminal counts for shooting Mr. Thomas, as follows: aggravated assault—attempts to cause serious bodily injury, robbery—inflicts serious bodily injury, unlawful possession of a firearm, firearms not to be carried without a license, carrying a firearm in Philadelphia, theft by unlawful taking, receiving stolen property, possessing an instrument of crime, simple assault, and recklessly endangering another person.[1] Appellant filed a pre-trial motion to suppress on September 27, 2022. The trial court denied the suppression motion after a hearing. Immediately following this hearing, Appellant proceeded to a bench trial, where he was convicted of all charges.

_____

[1] 18 Pa.C.S. §§ 2702(a)(1), 3701(a)(1)(i), 6105(a)(1), 6106(a)(1), 6108, 3921(a), 3925(a), 907(a), 2701(a), and 2705, respectively.

- 2 -

On April 13, 2023, the trial court sentenced Appellant to three consecutive terms of 5 to 10 years of incarceration on the first three counts in the information, with no further penalty being imposed on the remaining convictions. Thus, Appellant's aggregate sentence is 15 to 30 years of incarceration.

Appellant filed a timely post-sentence motion on the same day he was sentenced, April 13, 2023. This motion was denied on July 13, 2023. Counsel then filed a notice of appeal on August 28, 2023. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant lists the following issues:

1. Did the court err in denying Appellant's motion to suppress his statement?

2. Was the evidence sufficient to establish [r]obbery?

Brief for Appellant at 3.

Preliminarily, it appears that Appellant's notice of appeal, filed on August 28, 2023, is facially untimely. This Court may raise jurisdictional issues *sua sponte*, if necessary, and an issue concerning the appealability of an order directly implicates this Court's jurisdiction. ***Commonwealth v. McKnight***, 305 A.3d 582, 586 (Pa. Super. 2023), *appeal denied*, 327 A.3d 184 (Pa. 2024). Herein, Appellant was sentenced on April 13, 2023. He filed a timely post-sentence motion that was denied on July 13, 2023. Counsel then filed Appellant's notice of appeal in this case on August 28, 2023, more than 30 days following the denial of the post-sentence motion, which would make the

filing untimely under our Rules of Appellate Procedure. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed … within 30 days of the entry of the order deciding the motion[.]").

We note that Appellant stated the following in the body of the notice of appeal: "Allowance to Appeal *Nunc Pro Tunc* granted August 23, 2023." Notice of Appeal, 8/28/23 (single page). Notwithstanding this statement, there is no support in the certified record for Appellant's assertion. Although the trial court docket includes an entry dated August 23, 2023, titled "Status Listing," with the body of the entry stating, "Defendant Allowed To File Notice Of Appeal *Nunc Pro Tunc*," there is no indication on the docket that Appellant ever filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, or any other motion to reinstate his appellate rights. **See Commonwealth v. Mitchell**, No. 2050 EDA 2022, at \*4-5 (Pa. Super. filed Aug. 9, 2023) (finding that granting *nunc pro tunc* relief was a procedural misstep because the trial court was divested of jurisdiction after the 30-day appeal period expired, and the proper channel for relief was through the PCRA); **see also** Pa.R.A.P. 126(b) (providing that non-precedential

memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).[2]

Notwithstanding this procedural posture, we will not quash this appeal as being untimely filed. Again, a timely notice of appeal must be filed "within 30 days after the entry of the order" under appeal. Pa.R.A.P. 903(a). Further, Pa.R.A.P. 108(a)(1) states that "the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]" In other words, "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." **Commonwealth v. Nicoletti**, 328 A.3d 85, 90 (Pa. Super. 2024), *rearg. denied* (Jan. 14, 2025), *appeal denied*, No. 49 EAL 2025 (Pa. Aug. 26, 2025).

Here, the court's order dismissing Appellant's post-sentence motion, entered on July 13, 2023, contains no indication of service upon Appellant or

_____

[2] There is a second problem with Appellant's claim of *nunc pro tunc* relief being granted — the trial court never issued such an order on the record. If a trial court determines that *nunc pro tunc* relief is warranted, the court must expressly grant the litigant permission to file the appeal *nunc pro tunc.* **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) ("If the trial court chooses to permit a defendant to fil a post-sentence motion *nunc pro tunc*, the court must do so expressly."). **See also Commonwealth v. Wright**, 846 A.2d 730, 734 (Pa. Super. 2004) (noting, "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended."). The trial court's record is silent. Thus, we cannot accept Appellant's claim that his right to appeal was properly reinstated *nunc pro tunc*.

his counsel. *See* Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented."); Pa.R.Crim.P. 114(C)(2)(c) (stating that trial court docket entries shall contain the date of service of the order). "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." *Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023). Accordingly, we will consider the appeal to be timely filed and address Appellant's claims.

Turning to the issues raised by Appellant, however, we note that there are serious deficiencies in his brief as filed in this Court. The brief purports to raise two issues related to the denial of his motion to suppress and the sufficiency of the evidence. Yet, the brief violates our Rules of Appellate Procedure in that it does not provide any meaningful argument, followed by discussion and citation to pertinent authorities, related to his claims, in contravention of Pa.R.A.P. 2119(a) (stating the general rule that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Appellant's brief does not discuss the facts of his case in the context of relevant law, does not include the text of the statute or element(s) he claims that the

- 6 -

Commonwealth failed to prove, and provides no discussion of pertinent legal authorities.

For example, Appellant challenges the denial of his motion to suppress in his first issue. After providing two case citations related to the standard of review, Appellant's argument, in its entirety, is reproduced below:

> In the case before the court, the record demonstrates that Appellant had been in police custody for hours prior to his interview. The record further shows that Appellant had been under the influence of a prescription medication so much so that he fell asleep on the train. When asked to acknowledge that he had been given his warnings, Appellant was only able to nod. When asked if he was of sound mind, Appellant only mumbled. Coupled with the lack of a signed **Miranda**[3] waiver, these factors indicate that Appellant did not provide a voluntary statement to detectives. The suppression court's finding that detectives did, in fact, properly advise Appellant conveniently out of view of video recording and nowhere else is erroneous.

Brief for Appellant at 8.

The argument in support of Appellant's second claim, related to the insufficiency of the evidence to support his robbery conviction, is likewise truncated and reproduced *verbatim*:

> Under the Pennsylvania Crimes Code, to be convicted of Robbery a person act in the course of committing a theft. 18 Pa.C.S. § 3701

> Here, the evidence presented by the Commonwealth consisted of responding police officers, surveillance video without audio, medical records, and Appellant's statement. The complainant did not testify. This evidence is insufficient to establish, beyond a reasonable doubt, that Appellant demanded property from the complainant. The trial court's determination that Appellant was robbing homeless people is based on

---

[3] **Miranda v. Arizona**, 383 U.S. 903 (1966).

surveillance video without audio. Without the complainant's testimony or audio, the court's conclusion is based on speculation and conjecture and the evidence is insufficient.

*Id.* at 9.

An appellant's failure to properly develop an argument will result in the waiver of his appellate claims. *Commonwealth v. Gilbert*, 269 A.3d 601, 612 (Pa. Super. 2022). Moreover,

> [w]hen issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof. Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.

*Commonwealth v. Taylor*, 277 A.3d 577, 590-91 (Pa. Super. 2022) (cleaned up). "When an appellant's argument is underdeveloped, we may not supply it with a better one." *Commonwealth v. Deible*, 300 A.3d 1025, 1035 (Pa. Super. 2023). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). Appellant utterly fails to discuss the facts of his case in connection with pertinent caselaw. Accordingly, due to the serious deficiencies in Appellant's brief, which hamper our ability to conduct appropriate appellate review, we find that his issues are waived due to being undeveloped.

In conclusion, we find that the appeal was not untimely, as the deadline to file a timely appeal did not expire (indeed, it did not begin to run) due to the order denying Appellant's post-sentence motion not being properly served on Appellant or his counsel. Nevertheless, Appellant has waived review of his

claims due to the serious deficiencies in his brief which hamper appellate review.  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/14/2025