J-A30030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAESAR CHEVAR FRANCIS | : | No. 1086 EDA 2025 |

Appeal from the Order Entered April 10, 2025
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000615-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 9, 2026**

The Commonwealth appeals from the trial court's April 10, 2025 pretrial order denying the Commonwealth's motion in limine seeking to admit testimony of the forensic scientist who authored the lab report that found delta-9-tetrahydrocannabinol ("THC") and delta-8-THC in the vape pen devices recovered near Caesar Chevar Francis during a traffic stop. The Commonwealth argues that the trial court abused its discretion by failing to provide any legal basis for precluding the relevant expert testimony. We agree with the Commonwealth because the preceding order precluding admission of the lab report did not necessarily preclude the testimony of the forensic scientist; and, based on our review of the entire certified record, there is no other basis for precluding that relevant testimony. Thus, we reverse and remand.

We glean the following facts from the affidavit of probable cause in the criminal complaint. On June 13, 2023, around 6:30 a.m., a Pennsylvania State Police trooper initiated a traffic stop on Interstate 84 in Greene Township, Pike County, based on his observations of a vehicle with a visible crack in its windshield, improperly engaging its left turn signal, and swerving within its lane. The driver, Francis, was the sole occupant. Upon interacting with Francis, the trooper observed indicia of intoxication—bloodshot, glassy eyes, constricted pupils, and slow, choppy speech. Further, the trooper saw what he identified as a THC vape pen in the center console. Francis told the trooper that he did not have a medical marijuana card and that the vape pen was old. The trooper observed that the vape pen was full and new.

Francis complied with the trooper's request to perform sobriety tests. Based on Francis's performance and the trooper's earlier observations, the trooper concluded that Francis was impaired. Francis was handcuffed and placed in the patrol vehicle. The trooper read Francis the DL-26 form[1] and Francis refused to submit to a chemical blood test.

Based on these allegations, Francis was charged with DUI (75 Pa.C.S.A. § 3802(d)(2)); Possession of a Controlled Substance (35 P.S. § 780-

_____

[1] The DL-26 form advises an arrestee suspected of driving under the influence ("DUI") of enhanced criminal penalties for refusing to submit to a chemical blood test pursuant to Pennsylvania's Implied Consent Law, 75 Pa.C.S.A. § 1547. *See Commonwealth v. Gaston*, 239 A.3d 135, 137 n.4 (Pa. Super. 2020).

113(a)(16)); Possession of Drug Paraphernalia (35 P.S. § 780-113(a)(32)); Windshield Obstruction (75 Pa.C.S.A. § 4524(e)(1)); Safety Glass (75 Pa.C.S.A. § 4526(a)); and Careless Driving (75 Pa.C.S.A. § 3714(a)).

After numerous defense continuances, the parties appeared for the call of the list on October 28, 2024, and upon their representation that they were prepared for trial, trial was scheduled for the November trial term. On November 4, 2024, the day before the deadline for filing pretrial motions, Francis filed a motion seeking to dismiss the drug possession and paraphernalia charges for lack of chemical testing to establish the substance in the vape pens.[2] On November 12, 2024, the date set for jury selection, the trial again was continued, seemingly because the Commonwealth had not yet received the lab test results.[3]

On December 30, 2024, the Commonwealth filed a petition for a non-jury trial and an amended information removing the drug possession and paraphernalia charges. The following day the lab report, which was dated December 18, 2024, was provided to the defense. The lab report stated that

_____

[2] The criminal complaint states that one vape pen was found in Francis's center console. It appears that a second vape pen belonging to Francis was discovered at some point.

[3] The Commonwealth does not appear to dispute Francis's contention that trial was continued upon the Commonwealth's request because the Commonwealth had not yet received the lab test results. *See* Motion to Preclude Lab Reports, 1/7/25, at ¶¶ 9-10. However, the continuance order indicates that the trial was continued upon the defense's request. *See* Continuance Application, 11/12/24, at § 5.

- 3 -

one of the vape pens contained delta-9-THC and delta-8-THC, and the other one contained delta-9-THC.

On January 7, 2025, Francis filed a motion seeking to preclude the Commonwealth from introducing the lab report at trial because the Commonwealth failed to exercise due diligence in submitting the vape pens for testing.

On January 29, 2025, oral argument was held, and the trial court took the matter under advisement. At argument, defense counsel sought to make an oral motion to amend its motion to also preclude *any* mention of the vape pens. *See* N.T., 1/29/25, at 4-5, 9-10.

Notably, the trial court denied the oral motion and limited its consideration to only the preclusion of the lab report. *See id.*; Order, 1/29/25.

On February 3, 2025, the Commonwealth filed a response and supplement to the record that indicated that, contrary to Francis's assertion, it did not wait to submit the vape pens for testing until after Francis filed his motion to dismiss on November 4, 2024. Instead, it sent the state police an email request for the vape pens to be tested on October 28, 2024, after the defense indicated at call of the list that the case would proceed to trial, but the lab did not receive the vape pens until November 8, 2024. On February 4, 2025, the trial court issued an order granting Francis's motion to preclude the lab report but did not offer any explanation for its ruling. *See* Order, 2/4/25.

On February 7, 2025, the Commonwealth filed a motion in limine seeking to admit the testimony of the forensic scientist who authored the precluded lab report. Oral argument was held on April 10, 2025. Later that same day the trial court issued an order denying the Commonwealth's motion and stated, "[c]onsistent with our February 4, 202[5] Order, expert testimony regarding the report and the findings contained therein shall not be permitted at trial." Order, 4/10/25.

The Commonwealth appealed pursuant to Pa.R.A.P. 311(d) and certified that the April 10, 2025 order will terminate or substantially handicap the prosecution. Pursuant to the trial court's order, the Commonwealth filed a timely statement of errors complained of on appeal, and the trial court issued a two-page Rule 1925(a) opinion in support of its ruling. *See* Pa.R.A.P. 1925(a), (b). The trial court stated that the Commonwealth's appeal is "an improper attempt to circumvent [the] February 4, 2025 Order." Trial Court Opinion, 6/13/25, at 2. Further, the trial court explained

> While Pa. R.Crim.P. 574 allows for the use of a forensic laboratory report in lieu of expert testimony at trial if a defendant does not make a timely demand, the reverse is not contemplated. We do not believe that the Commonwealth should be permitted to call an expert witness in lieu of a lab report where the report has already been specifically excluded. There is no rule which allows the Commonwealth to bypass the production of an expert report prior to calling an expert witness.

***Id.***[4]

The Commonwealth raises a single issue for our review.

Whether the trial court erred in excluding the testimony of a forensic scientist to identify the substance contained in a vape device found in the vehicle?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

"[W]hen reviewing the denial of a motion in limine, we apply an evidentiary abuse of discretion standard of review[]" because "[t]he admission of evidence is committed to the sound discretion of the trial court[.]" ***Commonwealth v. Sami***, 243 A.3d 991, 997 (Pa. Super. 2020) (citation omitted). "The trial court abuses its discretion only if it misapplies the law, or its exercise of judgment is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. Nabried***, 327 A.3d 315, 321 (Pa. Super. 2024) (citation omitted).

The Commonwealth argues that the trial court erred in precluding the expert testimony because the testimony is relevant and the trial court failed to provide a reason for its decision. ***See*** Appellant's Brief, at 15-17. The trial court states, and Francis argues, that the preclusion of the lab report

---

[4] Additionally, in its 1925(a) opinion the trial court states that we lack jurisdiction because precluding the expert testimony does not substantially handicap or terminate the Commonwealth's case. ***See*** Trial Court Opinion, 6/13/25, at 1-2. "[W]hen a pretrial order has the effect of excluding Commonwealth evidence, this Court is not permitted to inquire into the Commonwealth's good-faith certification." ***Commonwealth v. McKnight***, 305 A.3d 582, 586 (Pa. Super. 2023), *appeal denied*, 327 A.3d 184 (Pa. 2024) (citation and internal quotation marks omitted).

necessarily precluded the testimony of the forensic scientist who authored the report. **See** Trial Court Opinion, 6/13/25, at 2; Appellee's Brief, at 10 ("logic dictates that the preclusion of the lab report necessarily included preclusion of the testimony of the expert."). Alternatively, Francis argues that the trial court acted within its discretion by precluding the expert testimony based on the Commonwealth's failure to abide by discovery rules. **See** Appellee's Brief, at 12 (citing Pa.R.Crim.P. 573(E)). Further, Francis argues that allowing such expert testimony would permit the Commonwealth to engage in "trial by ambush" by not producing an expert report and just calling the expert at trial. **See id.** at 10-11.

At the outset, a few preliminary observations help to focus our analysis. First, our review does not concern the trial court's February 4, 2025 order precluding the lab report. As such, the preclusion of the lab report is accepted as part of the record. Second, the February 4, 2025 order clearly only precluded the lab report. Thus, that order did not explicitly preclude the author of the report from testifying. Third, the expert testimony regarding the chemical composition of the vape pens is clearly relevant. **See Commonwealth v. Cahill**, 324 A.3d 516, 527 (Pa. Super. 2024) (finding the presence of marijuana in a vehicle helped establish sufficient evidence of guilt under 75 Pa.C.S.A. § 3802(d)(2)); **see also** Appellee's Brief, at 12 (conceding that the expert testimony could be relevant).

We have found no cases, and neither the trial court nor Francis have cited any, that hold that a forensic scientist who authored a lab report testing for drugs is precluded from testifying because the lab report is precluded. "Courts in Pennsylvania have long held that opinions based on inadmissible evidence . . . are admissible." **Brown v. Halpern**, 202 A.3d 687, 707 (Pa. Super. 2019) (citing **Commonwealth v. Brown**, 139 A.3d 208, 218 (Pa. Super. 2016), *affirmed*, 185 A.3d 316 (Pa. 2018)). Under the Pennsylvania Rules of Evidence:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Pa.R.E. 703.

> When an expert testifies about the underlying facts and data that support the expert's opinion and the evidence would be otherwise inadmissible, the trial judge upon request must, or on the judge's own initiative may, instruct the jury to consider the facts and data only to explain the basis for the expert's opinion, and not as substantive evidence.

Pa.R.E. 705, cmt.

Based on the foregoing rules of evidence we see no reason why the Commonwealth's forensic scientist could not testify to her own personal observations, methodology, and underlying data regarding the chemical testing of the vape pens. Therefore, we are constrained to conclude that the trial court erred in relying on the preclusion of the expert report as a sufficient reason for completely precluding the expert testimony.

Moreover, we are not persuaded by Francis's alternative argument that the trial court properly exercised its discretion in precluding the evidence as a sanction for the Commonwealth's violation of Rule 573, an argument he is making here for the first time. **See** Appellee's Brief, at 12; N.T., 4/10/25, at 4-6 (defense counsel arguing the court should preclude the expert testimony because the court already precluded the lab report, not because of a Rule 573 discovery violation); Pa.R.Crim.P. 573(E).[5]

Of course, "we may affirm the trial court's ruling on any basis supported by the record." **Commonwealth v. Wade**, 226 A.3d 1023, 1031 (Pa. Super. 2020) (citation omitted). However, we generally do not affirm the trial court on alternative grounds that require the exercise of discretion. **See In re A.J.R.-H.**, 188 A.3d 1157, 1176 (Pa. 2018) ("The ["right for any reason"] doctrine thus may be applied by a reviewing court if the established facts support a legal conclusion producing the same outcome. It may not be used to affirm a decision when the appellate court must weigh evidence and engage in fact finding or make credibility determinations to reach a legal conclusion.").

---

[5] The Commonwealth was the only party to briefly mention Rule 573. In its response/supplement to the record in opposition to Francis's motion to preclude the lab report, the Commonwealth stated "[Francis] has failed to show why he has been or would have been prejudiced in any way, had the Commonwealth not sent out the item[s] for laboratory testing. To date there has been no allegation that there was a discovery violation under Rule 573 of the Rules of Criminal Procedure[.]" Commonwealth's Response/Supplement to the Record, 2/3/25, at 2.

It is well-settled that, under Rule 573(E), "[t]he trial court has broad discretion in choosing the appropriate remedy for a discovery violation." **Commonwealth v. Brown**, 200 A.3d 986, 993 (Pa. Super. 2018) (citation omitted). The court "may order [a violating] party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, . . . or it may enter such other order as it deems just under the circumstances." Pa.R.Crim.P. 573(E). Further, "[a] defendant seeking relief from a discovery violation must demonstrate prejudice." **Brown**, 200 A.3d at 993 (citation omitted).

Here, the trial court never stated that it was precluding the testimony because of a discovery violation under Rule 573(E) or that it had considered Rule 573(E) at all, as this argument was not presented for the trial court's consideration. **See** Order, 2/4/25; Order, 4/10/25; Trial Court Opinion, 6/13/25, at 2. Therefore, we decline to affirm on that alternative basis. The applicability of a sanction pursuant to Rule 573(E) would have required the trial court to exercise its discretion by both considering any prejudice to Francis, which the record reveals he failed to show, and the appropriate sanction to be imposed. **See** N.T., 4/10/25, at 4-6; **Brown**, 200 A.3d at 993; Pa.R.Crim.P. 573(E). We will not exercise such discretion on its behalf.[6]

_____

[6] We also note that we do not share Francis's concern that allowing the forensic scientist in this case to testify would permit trial by ambush. **See** Appellee's Brief, at 11. Nothing in our ruling approves of "trial by ambush" by obviating
*(Footnote Continued Next Page)*

In sum, we are constrained to conclude the trial court erred in finding that precluding the lab report *ipso facto* precluded the testimony of the forensic scientist who authored the lab report, as she still would be able to testify to "the underlying facts and data that support [her] opinion," with an appropriate limiting instruction from the court either on its own initiative or at the request of a party. Pa.R.E. 705, cmt. Further, we decline Francis's invitation to exercise our discretion on the trial court's behalf to affirm on the alternative basis of Rule 573(E). Therefore, the trial court's April 10, 2025 order is reversed and the matter is remanded for proceedings consistent with this memorandum.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

President Judge Lazarus files a concurring statement.

Judge Sullivan notes dissent.

_____

the Commonwealth's need to abide by discovery rules or the trial court's authority to fashion appropriate remedies for discovery violations. Instead, our ruling is relatively narrow based on the specific facts and procedural posture of this case. That is, when neither the opposing party nor the trial court raise Rule 573(E) as grounds for precluding evidence, we will not invoke Rule 573(E) to affirm the trial court.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/9/2026